Judge Simpson
delivered the opinion of the Court.
In this action of covenant, the defendant pleaded, that before the commencement of the suit, the plaintiff had instituted a suit against him, upon the same writing, for the same causes of action, in the same Court, and by the agreement of the parties, that previous suit had been by the judgment of the Court, dismissed agreed. He therefore plead and relied upon that order of dismissal as a bar to the present action.
The plaintiff replied that the dismissal referred to in the plea, had been made in pursuance of a written agreement of the parties,- by which it was agreed by them, that the suit should be dismissed, and all matters of controversy between the parties, involved and arising in that suit, should be referred to the determination of three designated arbitrators, whose award when made, they bound themselves to abide by and perform. That the arbitrators named in the agreement and the parties met, and proceeded to trial, and after a full hearing of all the evidence adduced on both sides, the arbitrators disagreed and were unable to make an award, and no award had been made by them.
A demurrer was filed to this replication by the defendant, and having been sustained, a judgment was rendered against the plaintiff from which he has appealed to this Court.
The legal effect of an order dismissing a suit agreed is, to bar any other suit between the same parties, on the original cause of action thus adjusted by them, and *258 merged in the judgment of the Court, rendered at their instance, and in consequence of their agreement. (Bank Commonwealth vs Hopkins &c., 2 Dana 395.)
A new cause of action may arise upon the agreement of the parties, that produced the order dismissing' the suit; and there might possibly be cases, where by the terms of the agreement a suit could be maintained upon the original cause of action, but it would be alone by virtue of the stipulations contained in the agreement of the parties.
If such a case can however exist, the present is not one of that character. The agreement contains no provision authorizing the plaintiff in any event, to bring a' new suit upon the same cause of action. If the agreement upon which the suit was dismissed, does not afford an adequate remqdy, it should not have been entered into by the plaintiff. If the parties contemplated a resort to any other mode of adjusting the matters in controversy between them, upon a failure of the arbir trators to make an award, a stipulation to that effect should have been inserted in the agreement. Such a provision may have been omitted intentionally, and the agreement entered into in its present form, with a view to prevent further litigation, upon the very reasonable assumption, that if the justice of the plaintiff’s demand was so doubtful, that three impartial arbitrators could not make an award in his favor, the claim was of too questionable a character to be further prosecuted. Besides, although no award had been made when this suit was commenced, one may yet be made by the arbitrators.
The order of the Court dismissing the suit agreed, if obtained by fraud; might be set aside in a proceeding for that purpose. But as it forms a bar to another suit, for the same cause of action, so long as it remains in full force and unreversed, and as the matters contained in the plaintiff’s replication were insufficient to obviate its legal effect, the judgment of the Court below, sustaining the demurrer, was correct.
Wherefore the judgment is affirmed.
R. J. Browne, Riley, and Shuck for appellant; Hitt and Thurman for appellee.