MUTUAL LIFE INSURANCE COMPANY OF NEW YORK
*v.* PHILLIPS.

4-7020                                     169 S. W. 2d 132

Opinion delivered March 15, 1943.

*Louis W. Dawson* and *Moore, Burrow & Chowning,* for appellant.

*Ed F. McDonald,* for appellee.

ROBINS, J.   The appellee filed three suits against the appellant in justice of the peace court of Grant county, Arkansas. Default judgments in favor of the appellee against the appellant were rendered in each case, and appeals were duly prosecuted by the appellant to the circuit court of Grant county, where answers were filed by the appellant, and the causes consolidated. On February 20, 1942, the circuit court entered the following order in the case: "On this day this cause coming on to be heard, and by consent of all parties herein this cause is dismissed. It is further agreed by all parties herein that no liability *detach* to any party to said case." On

May 4, 1942, the appellant filed motion to set aside the above order of dismissal, alleging that the appellant did not agree to the dismissal, that the effect of said order of dismissal was to leave in force the judgments in the justice of the peace court, and that the appellant had a complete defense and was entitled to a trial on merits in each case, and that the appellant further alleged that the order was void for the reason that the judge who entered it was the judge of another circuit attempting to hold court on an agreement to exchange circuits which had not been properly executed by the two judges affected. The lower court, on May 14, 1942, heard testimony on the motion to set aside the order of dismissal and on that day overruled same, whereupon an appeal to this court was prayed and granted.

Since the three suits in which judgments had been rendered by the justice of the peace were properly appealed, the circuit court had complete jurisdiction thereof. The order of the circuit court made on February 20, 1942, recites that all parties consented to the dismissal of the case and agreed that no liability should "attach" to any party. In the case of *Doan* v. *Bush,* 130 Ark. 566, 198 S. W. 261, L. R. A. 1918B, 523, a suit for personal injuries was filed by Doan in the circuit court, and the defendant filed a plea of former adjudication based upon the order of a circuit court of another county in a case involving the same cause of action. The order pleaded as *res judicata* contained the recital that the parties appeared in person and by their respective attorneys "and by consent of the parties and leave of the court this cause is dismissed at the cost of defendant." Chief Justice McCulloch, speaking for the court in that case, said: "There is a conflict in the authorities as to the effect of the dismissal of an action by agreement, but the rule seems to us to be established by the weight of authority, that 'a judgment of dismissal entered in pursuance of an agreement of the parties has the legal effect of an adjustment of the merits of the controversy, which constitutes a bar to a subsequent action.' 9 R. C. L. 211. The leading case on that side of the question is *The Bank* v. *Hopkins,* 2 Dana 395, where the court said: 'It has been

frequently decided by this court, that the legal deduction from a judgment dismissing a suit "agreed," is, that the parties had, by their agreement, adjusted the subject-matter of controversy in that suit; and the legal effect of such a judgment is, therefore, that it will operate as a bar to any other suit between the same parties, on the identical cause of action thus adjusted by the parties, and merged in the judgment thereon rendered, at their instance, and in consequence of their agreement. If, in such a case, the original cause of action has not been actually extinguished by payment, or other actual satisfaction, but was only transformed, by the agreement of the parties, into a new cause of action, the remedy must be on the latter, and can not be maintained on the former and extinguished cause of action.' The same court in the later case of *Jarboe* v. *Smith,* 10 B. Mon. 257, said: 'The legal effect of an order dismissing a suit agreed is, to bar any other suit between the same parties, on the original cause of action thus adjusted by them'."

While the wording of the order of dismissal entered by the court in this case was somewhat inept and incomplete, yet, when properly construed, it clearly reflects that the plaintiff and the defendant had agreed that the case should be dismissed without any liability being imposed on the defendant. This order was a final determination of the three suits which had originated in justice court and carried with it an annullment of the judgments rendered by the justice of the peace. It is a complete bar to any further action on any of the causes of action upon which the suits in justice of the peace court are founded. In the case of *Gendron* v. *Hovey,* 98 Me. 139, 56 Atl. 583, the Supreme Judicial Court of Maine, construing an entry made by the lower court, said: "The entry of 'Neither party, no further action, same cause' means that by agreement neither party further appears in court in that suit, and it also involves a stipulation that the plaintiff shall maintain no further action for the same cause. The plaintiff's cause of action is extinguished." When the plaintiff appeared in open court and agreed that his suits might be dismissed without liability "attaching," the legal effect of what he did was

the same as it would have been under common law, pleading if he had filed a formal "retraxit." "Retraxit is a voluntary acknowledgment that the plaintiff hath no cause of action, and therefore will no further proceed, which operates as a bar forever." Beecher's case, 8 Co. Rep., p. 117.

Since the appellant had already, by the proceeding on February 20, 1942, obtained all the relief to which it could, under any circumstances, be entitled, the lower court properly denied the motion to set aside the order of dismissal, and the order of the court refusing to set aside this former order is accordingly affirmed.