SHELTON *v.* JACK.

5-3616                                    395 S. W. 2d 9

Opinion delivered November 1, 1965.

*Harold C. Rains, Jr.* for appellant.

No brief filed for Appellee.

CARLETON HARRIS, Chief Justice. On May 1, 1961, appellants instituted a suit in the Crawford County Chancery Court against appellees, alleging that appellants and appellees were the owners of adjoining lands, with a roadway running between said lands; that the roadway was a public road, and provided the appellants with their only access to the rear of their property. The complaint alleged that appellees had illegally closed this road, and had caused a fence to be constructed across it and onto the property of appellants, thereby closing the road, and also a portion of the property claimed by appellants. The prayer sought damages in the amount of $1,000.00, and asked that appellees be required to move the fence, and be permanently restrained from interfering with the use of the road by the appellants, their guests, and successors in title.

On January 3, 1962, this suit was dismissed without prejudice. Thereafter, on September 16, 1963, appellants filed another complaint in the Crawford County Chancery Court, alleging the same facts heretofore related, and, in addition, asserting adverse use of the roadway for more than seven years under a claim of right by appellants and their predecessors in title. It was prayed that the court find the road to be a public road, or, in the alternative, a private road, and the court was asked to

require appellees to remove the fences, and to enjoin appellees from interfering with the complete and unrestricted use of the roadway, and the property, alleged to belong to appellants. Damages were sought for alleged destruction of flowers, plants, and a shade tree, damages for trespass; also damages for the reduced value of appellants' property, and for injuries occasioned by water drainage upon the property in the total amount of $15,000.

After the filing of all pleadings in the case, and the announcement that the parties were ready for trial, appellees, through counsel, moved that the complaint be dismissed because of the fact that the present action was filed about twenty-one months after plaintiffs had taken a non-suit in the earlier case mentioned at the outset of this opinion. This motion was based on Ark. Stat. Ann. § 37-222 (Repl. 1962), which provides, *inter alia,* that, where the plaintiff takes a nonsuit, "* * * such plaintiff may commence a new action within one (1) year after such nonsuit suffered or judgment arrested or reversed.* * *'' The court granted the motion, because the instant suit had not been filed within one year from the date of the taking of the nonsuit, and entered its decree, dismissing the complaint. From such decree, appellants bring this appeal.

The sole question before this court is whether Section 37-222 applies under the facts heretofore enumerated.

The complaint asserts that the fences were constructed in the early part of 1961, and appellants contend that accordingly, they have until the early part of the year 1968 in which to file an appropriate cause of action. This argument is sound, for this question has been determined in the manner argued by appellants. In *Mitchell et al,* v. *Federal Land Bank of St. Louis,* 206 Ark. 253, 174 S. W. 2d 671, we said:

''Appellants invoke the one-year nonsuit statute, which is § 8947 of Pope's Digest, pointing out that the orders of dismissal in the first foreclosure suits were made in February, 1938, and that the second foreclosure

suits were not filed until December, 1939 (22 months later). But this contention of appellants is without merit. Mr. Justice Frauenthal, speaking for the court, in *Love* v. *Cahn*, 93 Ark. 215, 124 S. W. 259, said: 'But the statute (Kirby's Digest, § 5083) which tolls the statute of limitation for one year where the plaintiff suffers a nonsuit does not narrow the period of limitation in which an action may be brought upon a claim which is not otherwise barred by the general statute of limitation applicable to such claim. This provision of the statute only applies to those causes of action which, under the general statute of limitation applicable to such cause of action, would otherwise be barred before the running of one year from the time of taking such nonsuit. The statute, instead of shortening the period of limitation, really extends the period provided by the general statute of limitation applicable to the cause of action.' To the same effect see *Dressler* v. *Carpenter*, 107 Ark. 353, 155 S. W. 108; *K. C. S. Ry. Co.* v. *Akin*, 138 Ark. 10, 210 S. W. 350; and annotation in 83 A. L. R. 486.''

Also, in *Eades* v. *Joslin*, 219 Ark. 688, 244 S. W. 2d 623, it is stated:

''In 1939 the appellee brought suit to quiet her title to one 40-acre tract; took a voluntary nonsuit in 1940; and filed no suit thereafter until the present one, in 1949. Based on these facts, appellants plead the one year nonsuit statute (§ 37-222, Ark. Stats.) as a bar to the present suit. The case of *Mitchell* v. *Fed. Land Bank*, 206 Ark. 253, 174 S. W. 2d 671, decides this question against the appellants' because they are here seeking to invoke the one year nonsuit statute to shorten the plaintiff's rights, and such is not its purpose. The plaintiff could have brought suit to quiet title at any time before the defendants acquired title by adverse possession.* * *''

It follows, therefore, that the court erred in granting the motion to dismiss.

Reversed and remanded.