VIRGINIA AUSTIN v. KENNETH AUSTIN

5-4074                                    409 S. W. 2d 833

Opinion delivered December 12, 1966
[Rehearing denied January 23, 1967.]

*James R. Hale* and *Charles W. Atkinson,* for appellant.

*Putman, Davis & Bassett,* for appellee.

Guy Amsler, Justice. This appeal involves an unusual factual situation and a unique legal question. Appellant Virginia Austin and appellee Kenneth Austin were husband and wife up to some date (not disclosed by the record) prior to August 19, 1964. On that date, in a suit by Virginia Austin against Kenneth Austin, the Superior Court of Los Angeles County, California, entered an order awarding custody of their three minor children to Kenneth Austin with visitation privileges to the mother. Virginia Austin apparently left California and established residence in Fayetteville, Arkansas, while appellee remained in California with his new wife and the children.

In 1965, Virginia, through some method, not revealed by the record, had the minor son, Wendell, with her in Fayetteville, Arkansas, and refused to relinquish custody to her former husband. On August 4, 1965, Kenneth Austin filed a petition for a writ of Habeas Corpus in the Circuit Court of Washington County, Arkansas, (Fayetteville) seeking to have Wendell returned to him. On the same day the Circuit Court, following a hearing, ordered Virginia to turn the child over to Kenneth and required the father to post one thousand dollars in cash to assure the appearance in court of the father and son (on two weeks notice) for further proceedings. Both parties and their attorneys were present at the hearing.

On the following day (August 5th) Virginia Austin filed a petition in this court (Case No. 5-3746) seeking a temporary stay of the Circuit Court order. On the same day this court "stayed" the Circuit Court order,

gave Virginia three days to file defense pleading to the petition for writ of Habeas Corpus in Washington County, directed that Wendell (the minor) be immediately returned to his mother and that the Circuit Court transfer the cause to the Chancery Court of Washington County and further "The Washington Chancery Court as soon as possible will have a full hearing, make up a complete record in the case, and enter its considered order regarding the custody of Wendell Austin, a minor, with full right of review by this Court on the part of any dissatisfied party." The order of this court was filed with the Circuit Clerk of Washington County on August 6, 1965.

On August 5, 1965, Kenneth Austin, after the minor was returned to his mother, made the following notation (by his attorney) on the record of the petition for writ of Habeas Corpus:

"Petitioner (Kenneth Austin) dismisses the above petition without prejudice and withdraws his appearance.

Kenneth Austin
/s/ by Sidney P. Davis, his attorney"

On the same day, according to the evidence, the Circuit Judge noted on his docket sheet "Dismissed at request of plaintiff."

On August 6, 1965, Virginia filed in the Circuit Court a pleading titled "Answer." In reality the pleading is an answer and counterclaim in that it seeks affirmative relief. Allegations are that appellee is not a fit person to have custody of Wendell but that appellant is and that appellee is delinquent in support payments under the California judgment. Prayer is for custody of the child, a money judgment, and attorney's fees. Attached to this pleading is a certificate of service showing that a copy was mailed to the attorney who filed and dismissed the petition for Habeas Corpus for appellee.

On August 10, 1965, the Circuit Court (pursuant to the order of this court entered on August 5th) transferred the case to the Chancery Court of Washington County.

On April 18, 1966, appellee "appeared especially" in the Chancery Court and filed a motion to quash the purported "service of process" alleging "inter alia" that there had been no service on him; that no summons was ever issued or served and that the Chancery Court was without jurisdiction.

On the 19th day of April, 1966, the chancellor, over the objections of appellant, granted the motion and this appeal followed.

We have detailed the dates of events somewhat at length in order that what we conceive to be the law may be understandably applied to the factual situation.

In the Habeas Corpus proceedings Kenneth Austin dismissed his petition before any defensive pleading had been filed by appellant. He had this right under Ark. Stat. Ann. § 27-1406 (Repl. 1962).

A somewhat similar situation was before us in *Norton* v. *Hutchins, Chancellor,* 196 Ark. 856, 120 S. W. 2d 358, and we there said:

"As we understand the law a plaintiff has the right to dismiss any suit he has brought either by application to the court or by application to the clerk in vacation to dismiss same. If before he dismisses same a set off or counter-claim has been filed the dismissal will not prevent the defendant from trying the issues rendered in the cross-complaint or counter-claim. It is undisputed that after bringing her suit in Texas she dismissed her suits in Arkansas before the chancery clerk in vacation. Final judgments or decrees had not been rendered in the Arkansas cases at the time she dismissed

them. She had the absolute right, therefore, to dismiss them as no cross-complaint or counter-claim had been filed in any of the proceedings."

In connection with the case at bar we should perhaps inquire into the status of the parties in the Habeas Corpus suit in Circuit Court after the petition was dismissed. We find no Arkansas case directly on point but 27 Corpus Juris Secundum under "Dismissal and Nonsuit" § 39 states the general rule as follows:

"Unless defendant has interposed a claim for affirmative relief, a voluntary nonsuit, dismissal, or discontinuance is a final termination of the action, and there remains no cause pending in which a third person may be permitted to intervene, or in which defendant may thereafter file an answer or plea. In the absence of circumstances working an estoppel, a dismissal or nonsuit leaves the situation as though no suit had ever been brought, and it has the effect of an absolute withdrawal of the claim and leaves defendant as though he had never been a party. It carries down with it previous proceedings and orders in the action, and all pleadings, both of plaintiff and of defendant, and all issues, with respect to plaintiff's claim."

In stating the rule 24 Am Jur 2d page 61 uses almost the identical wording and both texts cite numerous authorities from other jurisdictions. We have found no case stating a contrary view.

But, says appellant, appellee is in court by virtue of the aforementioned order of this court entered on August 5, 1965. A sufficient answer to that contention is that appellee was never before this court. On petition of appellant this court conducted a "unilateral" hearing and entered an order directed solely to the "Circuit Court of Washington County" and not to appellee. Neither appellee nor his attorney appeared at the hearing before us and his statutory privilege of dismissing

his petition in the Washington Circuit Court was neither at issue nor adjudicated.

If the general rule is applied the Circuit Court order of August 10, 1965, transferring the cause to Chancery Court was a nullity. This is true because when the appellee (Kenneth Austin) dismissed his petition for Habeas Corpus, before appellant lodged her plea for affirmative aid, the litigation ended. It is of course understandable that the Circuit Court, when confronted with an unanticipated occurrence, acted with commendable cooperation and ordered the transfer.

If strict rules of procedure were followed we should probably dismiss the appeal. However, the same results are obtained by affirming the action of the chancellor and this is accordingly done.

WARD, J., dissenting.

PAUL WARD, Justice, dissenting. It is my opinion that the Circuit Court had no jurisdiction to dismiss appellee's petition for a writ of Habeas Corpus under the facts in this case.

(a) On August 4, 1965, the Circuit Judge made an order which in part reads:

". . . that Virginia Austin be and is given 24 hours or until 2:00 p.m., August 5, 1965, to apply to the Supreme Court of Arkansas for a writ of Prohibition. . ."

Appellee was unquestionably aware of this order.

(b) Appellant did so apply to this Court on the morning of August 5, 1965, and on the same day we entered an order which reads:

"This cause is remanded to the Circuit Court of Washington County, Arkansas, with directions to

transfer the entire cause to the Chancery Court of Washington County; and Virginia Austin is given three days to file defensive pleadings to the writ of *Habeas Corpus.*"

As is shown hereafter, this order was brought to the attention of the Clerk of the Circuit Court, the attorney for appellee, and the Circuit Judge on August 5, 1965. This is shown by the testimony of appellee's attorney at pages 40-41 of the record. There it is shown that all the above mentioned parties were in the Clerk's office when the contents of our order was made known to them.

(c) On the occasion above mentioned (after the contents of our order was made known, and before 2:00 p.m. of that day) appellee was allowed to dismiss his petition.

It is my position that, in view of the above facts, the Circuit Court had no power or jurisdiction to do anything except to transfer the cause to Chancery Court in accordance with our specific order. Until our order was made known to the Circuit Court, jurisdiction of the cause was in this Court. The learned Chancery Judge was aware of this fact and found that the cause was "remanded to the Circuit Court and immediately upon that remand the Circuit Court became invested with *full and complete jurisdiction of the cause.*"

I disagree with the Chancellor as to the words emphasized above. It is my opinion that the Circuit Court was invested only with the power which our order gave him—to transfer the cause to Chancery Court.

It follows from what has been said that appellee was a party to the Chancery proceeding and it was not necessary to give him further notice.

Therefore I would reverse the decree of the Chancery Court.