LETTS, Judge.
The Writ of Prohibition is Granted.
The facts are that the plaintiff and the defendant entered into an out of court settlement of this cause confirmed by letter.[1] In accordance with this settlement, attorneys for both sides executed and entered into a “Stipulation for Dismissal” filed with the court which read in toto:
COME NOW the parties Steve Weil and Haft-Gaines Company by and through their undersigned attorneys and stipulate that this action may be dismissed in accordance with Florida Rule of Civil Procedure 1.420 with prejudice to both parties.
The disputed letter of settlement is not, and never was, a part of the record below, nor will we permit it to become so on appeal. Pursuant to the stipulation set forth above, the court then entered a final order on the basis thereof which simply said, “This action is dismissed . . . with prejudice to both parties.”
No further pleadings were attempted until twenty-four days later when the plaintiff below filed a motion in the same cause to “compel return of property.” As grounds, this motion set forth that the defendant below had failed to give over certain property pursuant to the out of court letter of settlement already referred to. Surprisingly, the prayer, at the conclusion of this motion, sought compensatory and punitive damages, costs and attorneys fees.
Predictably, a motion to dismiss was filed in opposition and the trial court correctly granted the motion to dismiss noting that it was without jurisdiction but that its ruling was without prejudice to the plaintiff below “to file a new law suit.”
Four months after the original order of dismissal pursuant to the written stipulations therefor, the plaintiff below next filed in the same cause a “motion to enforce settlement agreement” which once again sought, in the prayer, compensatory and *819 punitive damages, fees and costs. There then ensued a hearing relative to a further motion to dismiss whereat the court concluded that it had all along retained equity jurisdiction. An order was then entered setting the cause for jury trial.
We hold that the trial court’s jurisdiction terminated after the final order of dismissal, pursuant to the joint stipulation, both as to subject matter and person. Shelby Mutual Insurance Company v. Pearson, 236 So.2d 1 (Fla.1970). See also Cannon Sand and Rock Company v. Maule Industries, 203 So.2d 636 (Fla. 3rd DCA 1967).
The Writ of Prohibition is hereby granted. The trial court has no jurisdiction and the scheduled jury trial may not take place.
ALDERMAN, C. J., and DOWNEY, J., concur.

. The terms and contents of this letter are disputed.