HILL-ROM COMPANY, Inc. *v.* Donald SWINK
and Glenna Swink

CA 98-629                                    984 S.W.2d 834

Court of Appeals of Arkansas
Divisions I and II
Opinion delivered February 3, 1999
[Petition for rehearing denied March 3, 1999.*]

---

* NEAL and CRABTREE, JJ., would grant.

*Rieves & Mayton,* by: *Elton Rieves IV* and *Rob M. Berry,* for appellant.

*Gatti, Keltner, Bienvenu & Montesi,* by: *W. David Cheek,* for appellees.

JOHN B. ROBBINS, Chief Judge. This is an appeal from an order denying a motion to dismiss, and an order denying reconsideration of that order. We disagree with the appellant's argument that its motions should have been granted, but must dismiss this appeal for lack of an appealable order.

Appellees Donald Swink and Glenna Swink filed a complaint on March 10, 1997, against St. Bernard's Hospital in Jonesboro, Arkansas, alleging that Donald Swink was injured on October 25, 1994, while a patient in St. Bernard's when an electrical hospital bed malfunctioned and caused Mr. Swink to fall to the floor. St. Bernard's moved to dismiss the complaint because it was barred by the two-year medical malpractice statute of limitation. The trial court agreed and on June 9, 1997, entered an order granting the hospital's motion and dismissing the Swinks' complaint. As he ended the hearing on the motion, the trial judge stated, "I'm going to grant the motion . . . but certainly you ought to pursue the manufacturer of the bed."

On October 21, 1997, the Swinks filed a pleading captioned "Amended Complaint" asserting a products-liability action against appellant Hill-Rom Company, Inc., which allegedly sold the hospital bed to St. Bernard's. Hill-Rom moved to dismiss the amended complaint on several bases, including lack of jurisdiction because of the June 9, 1997, order of dismissal. The motion was denied, and Hill-Rom moved for reconsideration, arguing that a denial of its motion to dismiss was tantamount to a modification of the court's June 9, 1997, order, and that the court had lost jurisdiction to modify that order because more than ninety days had expired. This motion was also denied, and Hill-Rom has appealed.

Hill-Rom states two points on appeal. First, it argues that the trial court erred in modifying an order of dismissal that had been entered for more than ninety days. Secondly, that the trial court erred in permitting the plaintiff to amend a complaint that had been dismissed for more than ninety days.

◼ We agree that the trial court was without jurisdiction to modify its June 9, 1997, order more than ninety days after it was entered, and further agree that an attempt to do so would have been error. *See* Ark. R. Civ. P. 60; *Ross v. Southern Farm Bureau Casualty Ins. Co.*, 333 Ark. 227, 968 S.W.2d 622 (1998); *State Office of Child Support Enforcement v. Offutt*, 61 Ark. App. 207, 966 S.W.2d 275 (1998). The fallacy in Hill-Rom's logic, however, is that the trial court did not modify its June 9, 1997, order of dismissal, directly or by implication, more than ninety days after it was entered or at any other time. Hill-Rom characterizes the trial court's refusal to dismiss the Swinks' pleading captioned "Amended Complaint" filed October 21, 1997, as an implicit modification of the June 9, 1997, order that had dismissed Swinks' action against St. Bernard's. But the "Amended Complaint" did not contain allegations of a cause of action by the Swinks against St. Bernard's, as the dismissed complaint did. The "Amended Complaint" set forth an altogether new cause of action by the Swinks against Hill-Rom.

◼ Arkansas Rule of Civil Procedure 8(f) provides that "All pleadings should be liberally construed so as to do substantial justice." The only construction that can reasonably be given to the Swinks' "Amended Complaint" pleading is to construe it as an original complaint, because it pled a cause of action that had not been pled before, i.e., a products-liability claim by the Swinks against Hill-Rom. Because the pleading was captioned "Amended Complaint" and bore the same case number as did the complaint against St. Bernard's, Craighead County may not have received an appropriate filing fee; however, such filing did not prejudice any rights of Hill-Rom.

◼ As to Hill-Rom's second point on appeal that the trial court erred in permitting the Swinks to amend a complaint that had been dismissed for more than ninety days, suffice it to say that, as discussed above, the Swinks' complaint against Hill-Rom was actually not an amendment to the complaint against St. Bernard's that had been dismissed earlier.

■ Because we have concluded that the trial court did not modify, directly or indirectly, its June 9, 1997, order more than ninety days after it was entered, we are without jurisdiction in this matter. Arkansas Rule of Appellate Procedure—Civil 2(a) permits appeals only from final judgments. Inasmuch as an order must be final for us to have jurisdiction, we should consider this issue even though the parties do not raise it. *French v. Brooks Ctr., Inc.*, 57 Ark. App. 30, 940 S.W.2d 507 (1997). An exception to this general rule occurs when a trial court enters an order vacating or modifying a judgment that was granted more than ninety days earlier. In that situation, the order vacating or modifying such judgment may be appealed. *Cigna Ins. Co. v. Brisson*, 294 Ark. 504, 746 S.W.2d 558 (1998) (supplemental opinion on rehearing); *and see Lamb v. JFM, Inc.*, 311 Ark. 89, 842 S.W.2d 10 (1992). However, we have concluded that the orders appealed in the case at bar did not vacate or modify the trial court's June 9, 1997, order of dismissal. Consequently, these orders are neither final orders within the meaning of Arkansas Rule of Appellate Procedure—Civil 2(a), nor do they fall within the *Brisson* exception. Therefore, we dismiss this appeal and remand to the trial court for further proceedings.

Dismissed.

HART, GRIFFEN, and MEADS, JJ., agree.

NEAL and CRABTREE, JJ., dissent.

TERRY CRABTREE, Judge, dissenting. I cannot join the majority opinion in this case because of the uncertainty in the law that it creates, and therefore I dissent. The majority opinion adequately states the facts in this case. Suffice it to say that a complaint was filed against St. Bernard's Hospital by the appellees and dismissed because of the statute of limitations. The appellees brought this case against the hospital bed manufacturer, Hill-Rom, as an amended complaint in the same case file and under the same case number. Appellant moved the trial court to dismiss the action, but the trial court denied the motion.

The majority opinion is correct in stating that the trial court could not modify its June 9, 1997, order more than ninety days after it was entered because it did not have jurisdiction. The majority then goes on to state, however, that it is treating the amended complaint as a new cause of action and a new case. In doing so, the majority opinion states that it is between the Circuit Clerk and the appellee as far as the filing fee is concerned.

Further, the majority opines that the appellant's logic is flawed because it argues that the trial court cannot modify the order of dismissal by allowing the amended complaint because it is not really an amended complaint as designated by the appellee, but a new cause of action. In my opinion, the appellant's logic is not flawed when it considers a pleading entitled "Amended Complaint" filed in an existing case with the same case number and the same plaintiff as an amended complaint. Further, it is not flawed logic to consider the amended complaint part of the initial proceedings when the appellee fails to argue on appeal that it was really a new cause of action against a different defendant. Perhaps if the appellant had guessed that this court was going to decide the issue on a basis not argued by the appellee, it would have argued that this case was not a new case.

The majority opinion cites Rule 8(f) in support of its decision. Rule 8(f) requires interpretation of the rules liberally so that substantial justice may be done. However, in my opinion, the majority has exceeded the scope of the rule. The rule goes to the interpretation of the pleadings and not whether there is actually a complaint filed.

In our state, there is one type of action referred to as a civil action, and it is commenced by the filing of a complaint. Ark. R. Civ. P. 3. The plaintiff must pay a filing fee to the Circuit Clerk to file the complaint. Ark. Code Ann. § 16-10-302(b) (Supp. 1997). It is only common sense to think that a new lawsuit can be initiated by filing a new cause of action and paying the required filing fee.

The Circuit Clerk should not be required to review every amended complaint to determine whether it is really a new cause of action or just an amended complaint. We should not require the Circuit Clerk to file suit to obtain the filing fees involved with a lawsuit. The Circuit Clerk is responsible to the state for the money they should have collected and remitted to the State. The Chief Fiscal Officer of the State may withhold monthly turnback funds until the funds that should have been paid are paid. Ark. Code Ann. § 16-10-309 (Supp. 1997). In essence, the State is financing the lawsuit of the plaintiffs' in this case, and, if the majority opinion stands, for any other plaintiff that fails to pay filing fees in the same manner as we have here. I am concerned about who makes the decision of what cases the State will finance and what cases the state will not. In the most litigious society in the world, we are in fact opening the doors to an increase in the number of cases filed.

But of more concern than the filing fee is the uncertainty this case creates. Is a case dismissed when the court dismisses it or will this court make the determination that it was really a new cause of action? If it is a new lawsuit, then does the plaintiff have the right to nonsuit and refile the action within a year? What procedures are we going to follow to determine whether an amended complaint is really an amended complaint or a new complaint? More importantly, what guidance is there for the trial courts to determine if an amended complaint is really an amended complaint or a new complaint? How long can the case be dismissed and a new complaint filed in the same case number without a filing fee before we say that it is time-barred? These questions will surely be asked by the bar and others. Certainty of the law is essential to its effective operation. I do not see the decision in this case as creating anything other than confusion and uncertainty as to what is a complaint and what is required to initiate a cause of action against another.

For these reasons, I respectfully dissent.

NEAL, J., joins in this dissent.