Horton O. ELZEA, John Hoyle, and Ronald D.
Williamson *v.* Jim PERRY, David Hudson, Frank
Atkinson, and Marcy Porter, In Their Official
Capacities As Assessor, County Judge,
Collector, and Treasurer for Sebastian
County, Arkansas; County of Sebastian,
Arkansas; Charlie Daniels, In His Official
Capacity As Arkansas Land Commissioner;
Jimmie Lou Fisher, Arkansas State Treasurer;
Fort Smith School District; the Fort Smith
Public Library Board; Westark Community
College; City of Fort Smith, Arkansas

99-1142                                    12 S.W.3d 213

Supreme Court of Arkansas
Opinion delivered March 9, 2000

*Oscar Stilley*, for appellant.

*Thompson & Llewellyn, P.A.*, by: *James M. Llewellyn, Jr.*; and *John C. Riedel*, Deputy Prosecuting Att'y, for appellees Jim Perry, David Harper, Frank Atkinson, and Marcy Porter, and Fort Smith School District.

*Smith, Maurras, Cohen, Redd, & Horan, PLC*, by: *S. Walter Maurras* and *Matthew Horan*, for appellee Westark College.

*Daily & Woods, P.L.L.C.*, by: *Jery Lee Canfield*, for appellee City of Fort Smith.

TOM GLAZE, Justice. This appeal actually arises from two earlier cases. The first was an illegal-exaction case filed by

attorney Oscar Stilley on behalf of Earl Oxford on March 11, 1997, in the Chancery Court of the Fort Smith District in Sebastian County. Named as defendants were the Sebastian County assessor, county judge, collector, and treasurer, and the State Treasurer and Land Commissioner. Plaintiff Oxford's suit challenged the assessment of 1996 property taxes under Act 758 of 1995. The taxes at issue in that suit were paid in 1997, but because Oxford was a resident of Barling, Arkansas, he was unable to allege that he owned property in the Fort Smith District or paid taxes on any property in that district. Sebastian County is divided into two districts, the Fort Smith District and the Greenwood District. *See* Ark. Const. art. 13, § 5. These two districts are treated as separate counties for purposes of determining venue. *See Prairie Implement Co. v. Circuit Court of Prairie County*, 311 Ark. 200, 844 S.W.2d 299 (1992); *Jewett v. Norris*, 170 Ark. 71, 278 S.W. 652 (1926).

In November of 1998, Stilley amended Oxford's complaint to add all of the cities, towns, and school districts of Sebastian County, as well as Westark Community College and the Fort Smith Public Library Board. In December 1998, the various defendants filed motions to dismiss under Ark. R. Civ. P. 12(b)(6), for failure to state a claim for relief, and also under Ark. R. Civ. P. 8(a), for failure to allege sufficient facts showing Oxford was entitled to relief. In addition, the defendants objected to venue and jurisdiction, because Oxford, as a resident of the Greenwood District, had no standing to bring an action in the Fort Smith District. Westark also offered as a defense the argument that the taxes were paid voluntarily. Westark's defense was based on the recognized rule that taxes paid *after* the filing of a suit seeking a tax refund are considered involuntarily paid and recoverable. It is this rule that played significantly in the two suits Stilley's plaintiffs filed.

A hearing on the motions to dismiss was set for February 1, 1999. That same morning, Stilley attempted to file a Second Amended Complaint which would have added plaintiffs who had paid taxes in the Fort Smith District. The chancellor refused to permit the amendment on the grounds that it was untimely. On February 3, 1999, the chancellor entered an order dismissing the complaint without prejudice on the two following grounds: (1) lack of venue, as Oxford did not live in the district in which the suit was filed, and (2) Oxford's failure to state sufficient facts under Rule 8(a), thus depriving the court of subject matter jurisdiction.

Oxford never filed a notice of appeal from the February 3 decision. Instead, on March 15, 1999, Stilley filed a new complaint against the same defendants named in Oxford's suit, but this second suit was filed on behalf of a new set of plaintiffs — Horton Elzea, John Hoyle, and Ronald Williamson — each of whom actually owned property in Fort Smith. Stilley again filed this lawsuit in the Fort Smith District, but in circuit court, rather than chancery court. Stilley and his new plaintiffs again challenged the 1997 payment of 1996 property taxes; however, it is undisputed that these taxes were paid before the Elzea plaintiffs filed their lawsuit.

The defendant taxing entities again moved to dismiss under Rules 12(b)(6) and 8(a), and also defended on the grounds that, because the taxes were voluntarily paid before suit was filed, any recovery of those tax monies was barred. The Elzea plaintiffs, on the other hand, urged that their suit was merely a re-filing of the original suit filed by Oxford, and that the taxes complained of were paid and collected after that suit was initiated and therefore were involuntary.

Ultimately, both the Elzea plaintiffs and the defendants moved for summary judgment. The circuit court granted summary judgment for the defendants, finding that this second suit involved new plaintiffs and was filed in a different court, and was thus not a "re-filing" of the original chancery action, as the plaintiffs contended. Because the second suit was brought in circuit court two years after the Elzea plaintiffs had already paid the 1997 taxes in issue, the court found the plaintiffs were barred from recovering taxes that they had voluntarily paid.

■ ■ We find this to be a correct application of our law. In *Austin v. Austin*, 241 Ark. 634, 409 S.W.2d 833 (1966), this court held that "a dismissal . . . leaves the situation as though no suit had ever been brought, and it has the effect of an absolute withdrawal of the claim and leaves [the] defendant as though he had never been a party." *Austin*, 241 Ark. at 638, 409 S.W.2d at 836. Because the chancellor dismissed Oxford's original action, that suit is treated as though it never existed. For that reason, Stilley's second suit brought on behalf of the Elzea plaintiffs could not relate back to the date of the original chancery suit, thus removing the basis for their claim that the 1996 taxes they paid in 1997 after the Oxford action were paid involuntarily. At the time of the payment of the disputed

taxes, none of the circuit court plaintiffs were parties to the action challenging the assessment of property taxes. Plaintiffs do not contend their tax payments were coerced. Therefore, there is no basis for the imposition of an "involuntary" status on any tax payments made by the plaintiffs to this suit.

■ ■ Arkansas has consistently followed the common-law rule that prohibits the recovery of voluntarily paid taxes, except where a recovery is authorized by a statute without regard to whether the payment is voluntary or compulsory. We follow this rule even when an illegal-exaction claim is based, as it was here, on constitutional grounds. *See Mertz v. Pappas*, 320 Ark. 368, 896 S.W.2d 593 (1995); *City of Little Rock v. Cash*, 277 Ark. 494, 644 S.W.2d 229 (1982). We have held that taxes paid after the filing of a complaint are considered to be paid involuntarily, and thus recoverable. *See Hoyle v. Faucher*, 334 Ark. 529, 975 S.W.2d 843 (1998). In this case, as we have pointed out, the taxes were assessed in 1996 and paid in 1997. The Elzea lawsuit filed by Stilley was not filed until 1999; therefore, because the taxes were deemed voluntarily paid and unrecoverable by the plaintiffs, the circuit court properly granted the defendants' motions for summary judgment.[1]

■ The plaintiff-appellants make one other argument which we need not address. They argue that the savings statute, Ark. Code Ann. § 16-56-126 (1987) should apply and that it should somehow recreate an "involuntary taxpayer" status. However, this statute is only used when the original statute of limitations period expires in the interim between the filing of the complaint and the time at which either a nonsuit is entered or the judgment is reversed or arrested. The statute "only applies to those causes of action which ... would otherwise be barred before the running of one year from the time of taking such nonsuit." *Shelton v. Jack*, 239 Ark. 875, 395 S.W.2d 9 (1965) (citing *Love v. Cahn*, 93 Ark. 215, 124 S.W.2d 259 (1909)). However, in this situation, the original statute of limitations had not yet expired, and thus, the savings statute is

---

[1] The defendant-appellees raise a number of other arguments for reversal with respect to the propriety of the appellants' notice of appeal. For instance, the appellees point out that the plaintiff-appellants nominally appealed from the order of the circuit court, but the only issues and arguments raised in the appellants' brief concern the order dismissing the suit from *chancery* court, from which no notice of appeal was ever filed. However, while there appears to be some merit in some of the appellees' arguments, we do not reach them, because we decide the case on the basis of the voluntary-payment rule.

simply irrelevant.[2]

For the reasons set out above, we affirm the circuit court's order granting the defendants' motions for summary judgment.

---

[2] Defendant-appellee Westark Community College also points out, correctly, that Ark. R. Civ. P. 15(c) cannot be used to somehow relate the Elzea suit back to the Oxford suit. This rule permits the amendment of a pleading to "relate back" to the date of the original pleading. Its purpose is *not* to permit the relation back of an entirely separate lawsuit to a suit that was properly dismissed and never appealed.