2010 Ark. 170

**Paul H. TUCKER Jr. and Andrew Raybon Tucker, Appellants,**

v.

**Rosemary SULLIVANT, Appellee.**

No. 09–1258.

Supreme Court of Arkansas.

April 15, 2010.

Rehearing Denied May 20, 2012.

Noyl Houston, Jonesboro, for appellants.

Womack, Landis, Phelps & McNeill, by: Dustin H. Jones, Jonesboro, for appellee.

DONALD L. CORBIN, Justice.

Appellants Paul Tucker Jr. and Andrew Raybon Tucker appeal the order of the Craighead County Circuit Court dismissing their action for an accounting of the Maurine M. Sullivant Trust (the "Trust"). On appeal, the Tuckers argue that the circuit court erred in dismissing their action for failure to comply with the Arkansas Savings Statute, codified at Ark.Code Ann. § 16–56–126(a)(1) (Supp.2005), because they filed an amended complaint under the same docket number of the original complaint that had been voluntarily nonsuited. We assumed jurisdiction of this case as it requires clarification of the law; hence, our jurisdiction is pursuant to Ark. Sup.Ct. R. 1–2(b)(5) (2009). We reverse and remand.

Appellants are two of four beneficiaries of the Trust. The other two beneficiaries are Appellee Rosemary Sullivant, who is also Appellants' aunt and trustee of the Trust, and Peggy Sullivant Tucker, Appellants' mother. On or about April 11, 2003, Appellee decided to dissolve the Trust and thereafter liquidated the remaining Trust assets. Appellants filed an action for accounting on February 20, 2004. Appellants subsequently took a voluntary nonsuit, and on April 16, 2008, an order to that effect was entered.

Appellants filed an "Amended Complaint for Accounting By Trustee" on March 31, 2009. The amended complaint was filed under the same docket number as the previously nonsuited complaint. Timely service was completed. On April 28, 2009, Appellee filed a motion to dismiss. Therein, she argued that Appellants had filed an amended complaint that was a mere recitation of the prior complaint and because the prior complaint had been dismissed, the case could not be reopened pursuant to Ark. R. Civ. P. 59 or 60, as no applicable grounds existed. Appellee further asserted that the statute of limitations, which was five years, was not tolled and any suit for an accounting had to have been filed on or before April 11, 2008. Finally, Appellee asserted that Appellants were not entitled to the benefit of the savings statute, as the filing of an amended complaint did not commence a new action. Appellants asserted that they had complied with the requirements for commencing an action, in that they filed a complaint and timely obtained service on Appellee and, thus, complied with the requirement of the savings statute. Appellants also argued that the savings statute is remedial in nature and is to be liberally construed so as to preserve their cause of action.

A hearing was held on June 9, 2009. Appellee argued that her motion to dismiss should be granted for three reasons: (1) the amended complaint was a nullity; (2) the circuit court lacked jurisdiction to act on the amended complaint because of its prior nonsuit of the original complaint; and (3) Appellees failed to comply with the

savings statute by commencing a new action within one year of the nonsuit. Appellants countered that the savings statute did not define "new action" and they believed filing the amended complaint and timely completing service complied with the requirement of commencing a "new action." The circuit court ruled from the bench that while the law needed to be clarified, it was granting the motion to dismiss on the basis that the filing of an amended complaint did not comply with the savings statute's requirement that a new action be commenced.

Appellants filed a motion for reconsideration following the circuit court's oral pronouncement. The trial court subsequently entered a written order memorializing the bench ruling and also entered a written order denying the motion for reconsideration. This appeal followed.

■ When a complaint is dismissed on a question of law, this court conducts a de novo review. *Dollarway Patrons for Better Schs. v. Morehead,* 2010 Ark. 133, 361 S.W.3d 274. Accordingly, the circuit court's ruling is given no deference on appeal. *Ark. Dep't of Health & Human Servs. v. Storey,* 372 Ark. 23, 269 S.W.3d 803 (2007).

The issue presented to this court is whether Appellants' filing of a complaint under the same docket number, as a previously nonsuited case, constituted the commencement of a new action for purposes of the savings statute. Appellants argue that their filing of an amended complaint under the previous docket number was sufficient to comply with the savings statute's requirement that a new action be commenced within one year. More specifically, Appellants argue that the savings statute does not define a "new" action but that under Ark. R. Civ. P. 3, which provides that an action is commenced by filing a complaint with the clerk of the court,

there is no mention of a docket number. Appellee argues that the circuit court correctly dismissed the complaint because it lacked jurisdiction due to Appellants' failure to comply with the savings statute.

■ We begin our analysis by reviewing the relevant provision of the savings statute, which provides as follows:

> If any action is commenced within the time respectively prescribed in this act, in §§ 16–116–101—16–116–107, in §§ 16–114–201—16–114–209, or in any other act, and the plaintiff therein suffers a nonsuit, or after a verdict for him or her the judgment is arrested, or after judgment for him or her the judgment is reversed on appeal or writ of error, the plaintiff may commence a new action within one (1) year after the nonsuit suffered or judgment arrested or reversed.

Ark.Code Ann. § 16–56–126(a)(1). The statute is silent as to what the commencement of a new action is, but this court has addressed the applicability of the statute on numerous occasions. Most recently in *Rettig v. Ballard,* 2009 Ark. 629, 362 S.W.3d 260, this court explained that the savings statute requires an action to be commenced before the statute will apply. We further explained as follows:

> For purposes of the savings statute, a suit is commenced when the complaint is timely filed and service of the complaint and summons (effective or defective), is completed within the 120–day period required by [Ark. R. Civ. P.] 4(i):
>
>> In sum, to toll the limitations period and to invoke the saving statute, a plaintiff need only file his or her complaint within the statute of limitations and complete timely service on a defendant. A court's later ruling finding that completed service invalid does not disinherit the plaintiff from the

benefit of the saving statute. Our interpretation of § 16–56–126 meets with the liberal and equitable construction which must be given it in order to give litigants a reasonable time to renew their cause of action when they are compelled to abandon it as a result of their own act or the court's.

*Id.* at 4, 362 S.W.3d at 263 (quoting *Forrest City Mach. Works, Inc. v. Lyons,* 315 Ark. 173, 177, 866 S.W.2d 372, 374 (1993)).

The issue of whether the filing of that new complaint under a previous docket number satisfies the commencement requirement has heretofore never been addressed. In support of its motion to dismiss, Appellee relied primarily on the court of appeals' opinion in *Technology Partners, Inc. v. Regions Bank,* 97 Ark. App. 229, 245 S.W.3d 687 (2006). In that case, Technology Partners, Inc. ("TPI"), brought suit against Regions Bank after discovering that the company's sales manager had intercepted certain rebate checks and deposited them into his personal account at Regions. Initially, TPI filed suit against its sales manager but then dismissed that action after the manager declared bankruptcy. In June 2003, TPI filed an amended complaint in the previously dismissed action, attempting for the first time to add Regions as a defendant. That case was filed under the previous docket number, Pulaski County Docket No. CV02–2845. The circuit court dismissed the amended complaint, ruling that it had no jurisdiction because the initial suit had remained in a state of dismissal and had not been reopened. Thereafter, on January 14, 2004, TPI brought a new suit against Regions, but the circuit court granted Regions' motion for summary judgment on the basis that the suit had been filed outside the statute-of-limitations period. In so ruling, the circuit court rejected TPI's argument that its complaint

had been rendered timely by the savings statute. On appeal, TPI argued in relevant part that its original suit filed against its manager in 2002 was dismissed in 2003 and, therefore, its suit against Regions filed on January 14, 2004, was filed within one year of the prior dismissal. In affirming the circuit court, the court of appeals stated the following:

This argument fails for several reasons, but we need only mention one. TPI's lawsuit in Docket No. CV02–2845 was originally filed against Newson only. That suit was dismissed on June 17, 2002. On June 16, 2003, TPI tried to sue Regions by simply amending the complaint in the dismissed action. According to *West v. G.D. Searle & Co.,* 317 Ark. 525, 879 S.W.2d 412 (1994), a new action was required to be filed, not simply an amended complaint adding a new defendant in the dismissed action. The 2002 dismissal therefore remained in effect for over one year, and Regions was not made a party to any valid lawsuit until January 2004. The saving statute therefore did not apply, as the trial court correctly ruled.

*Id.* at 238, 245 S.W.3d at 695.

The circuit court found this case to be dispositive of the instant matter, as opposed to *Hill–Rom Co. v. Swink,* 65 Ark. App. 71, 984 S.W.2d 834 (1999), a case advanced by Appellants in support of their contention that they had complied with the savings statute. In *Hill–Rom,* the Swinks filed suit against a hospital, alleging that Mr. Swink had been injured when an electrical hospital bed, sold to the hospital by Hill–Rom, malfunctioned. The circuit court dismissed the action against the hospital because it was filed outside the two-year statute of limitations for medical malpractice. The Swinks subsequently filed a pleading titled "Amended Complaint," as-

serting a products-liability action against Hill–Rom. Hill–Rom filed a motion to dismiss, arguing in relevant part that the circuit court lacked jurisdiction of the complaint because more than ninety days had elapsed in which the court could modify the previously dismissed cause of action. The circuit court denied Hill–Rom's motion to dismiss, and the company appealed to the court of appeals. The court of appeals concluded that the circuit court had not in any way attempted to modify its previous dismissal and pointed out that the amended complaint did not contain allegations against St. Bernard's; rather, it set forth a new cause of action by the Swinks against Hill–Rom. The court of appeals stated as follows:

> Arkansas Rule of Civil Procedure 8(f) provides that "All pleadings should be liberally construed so as to do substantial justice." The only construction that can reasonably be given to the Swinks' "Amended Complaint" pleading is to construe it as an original complaint, because it pled a cause of action that had not been pled before, i.e., a products-liability claim by the Swinks against Hill–Rom. Because the pleading was captioned "Amended Complaint" and bore the same case number as did the complaint against St. Bernard's, Craighead County may not have received an appropriate filing fee; however, such filing did not prejudice any rights of Hill–Rom.

*Id.* at 74, 984 S.W.2d at 836.[1]

While neither *Technology Partners* nor *Hill–Rom* are on point, we are more persuaded by the court of appeals' opinion in *Hill–Rom*. First, *Technology Partners* is clearly distinguishable from the situation at hand. In looking at the facts of that

case, the circuit court determined that the statute of limitations began to run at the latest on February 26, 1999, and the court of appeals rejected TPI's arguments to the contrary. Thus, when TPI tried to sue Regions via the amended complaint on June 16, 2003, the applicable three-year statute of limitations had already expired. As such, the savings statute was never triggered. In reaching its conclusion, the court of appeals relied on this court's opinion in *West v. G.D. Searle & Co.*, 317 Ark. 525, 879 S.W.2d 412 (1994). In the *West* case, the appellant's original complaint was dismissed after the circuit court granted summary judgment in favor of appellee. At the time of the dismissal, the statute of limitations had run so that the appellant had twelve months to file a new cause of action in compliance with the savings statute. When the appellant filed an action fourteen months later, it was dismissed and this court affirmed because the appellant did not comply with the one-year requirement set forth in the savings statute.

We simply disagree with Appellee that the holding in *Technology Partners* supports a conclusion that the filing of an amended complaint is insufficient to commence a new action for purposes of the savings statute. That case, and the *West* case that it relies on, both involved situations where a party was attempting to avail itself of the savings statute but could not do so for failure to timely file their actions.

Conversely, while *Hill–Rom* is not directly on point, it is certainly more instructive to the issue in the present case. Granted, in *Hill–Rom*, the amended complaint that was filed alleged a cause of

---

1. The court of appeals ultimately dismissed Hill–Rom's appeal because it failed to appeal from a final judgment. The ultimate disposi-

tion is irrelevant, as we are concerned with the analysis set forth regarding the nature of the amended complaint.

action against a new party, but that case did not involve an issue of the savings statute. What is important to note in the *Hill–Rom* case is that pleadings are to be liberally construed. *See also* Ark. R. Civ. P. 8(f) (2009) (stating that all pleadings shall be liberally construed so as to do substantial justice). Moreover, the fact that the same docket number was assigned to the new cause of action did not negate the fact that the amended complaint was a new cause of action. The conclusion in *Hill–Rom* is also in line with our cases recognizing the purpose of the savings statute. We recently stated the following:

We note that savings statutes are remedial in nature. The savings statute reflects the General Assembly's "intent to protect those who, although having filed an action in good faith and in a timely manner, would suffer a complete loss of relief on the merits because of a procedural defect." "The savings statute extends the time for a plaintiff to correct a dismissal without prejudice when the statute of limitations would otherwise bar the suit." It applies where "the original statute of limitations period expires in the interim between the filing of the complaint and the time at which either a nonsuit is entered or the judgment is reversed or arrested."

*Rettig*, 2009 Ark. 629, at 3–4, 362 S.W.3d at 262 (citations omitted).

Here, Appellants filed a complaint within the one-year period prescribed in the savings statute. Moreover, they timely completed service of that complaint as required by Ark. R. Civ. P. 4 (2009). This court has recognized that an action is commenced by filing a complaint with the clerk of the proper court. *Lyons*, 315 Ark. 173, 866 S.W.2d 372. However, effectiveness of the commencement date is dependent upon meeting the requirements of service as set forth in Rule 4(i). Appellants satisfied both those requirements. If we were to accept Appellee's argument that the timely filing of Appellants' "amended" complaint did not satisfy the commencement requirement of the savings statute, we would be exalting form over substance and violating the stated purpose of the savings statute. Neither the fact that the case was filed under the previous docket number, nor the fact that Appellants paid a reopening fee, as opposed to a new filing fee, prejudice Appellee. Accordingly, the filing of the amended complaint in this cause satisfied the requirement of the savings statute that a new action be commenced within one year. The order of the circuit court is hereby reversed and remanded.

HANNAH, C.J., and DANIELSON and WILLS, JJ., dissent.

HANNAH, C.J., dissenting.

I respectfully dissent. Appellants may not amend a complaint in a case in which a final judgment has been entered.

When the judgment of dismissal was entered in Craighead County Circuit Court Case No.2004–135, the case was over and closed. A voluntary dismissal constitutes a final termination of the action. *Austin v. Austin*, 241 Ark. 634, 638, 409 S.W.2d 833, 835–36 (1966) (quoting 27 C.J.S. *Dismissal and Nonsuit* § 39, at 376–79 (1959) (dismissal of habeas petition by petitioner before a responsive pleading was filed)); *see also Elzea v. Perry*, 340 Ark. 588, 591, 12 S.W.3d 213, 215 (2000) (quoting *Austin*, 241 Ark. at 638, 409 S.W.2d at 836). There was no complaint that could be amended. Once the judgment was entered, the trial court lacked jurisdiction to do anything further in the case. *Carnathan v. Farm Bureau Ins. Co.*, 288 Ark. 399, 401, 705 S.W.2d 885, 886 (1986).

Appellants' amended complaint was a nullity. There was no complaint subject to

amendment. The majority errs in concluding that this procedural bar and the lack of jurisdiction may be ignored. I am concerned about the impact the majority's opinion has on finality of judgments. This case should be reversed and dismissed.

DANIELSON and WILLS, JJ., join.

WILLS, J., dissenting.

I respectfully dissent. The majority concludes that neither *Technology Partners, Inc. v. Regions Bank,* 97 Ark.App. 229, 245 S.W.3d 687 (2006), nor *Hill–Rom Co. v. Swink,* 65 Ark.App. 71, 984 S.W.2d 834 (1999), is on point, but states that it is more persuaded by the *Hill–Rom* opinion and its reliance on the rule that pleadings are to be liberally construed. The majority therefore concludes that the amended complaint, filed within one year of the previous nonsuit, was sufficient to commence a "new action" under the savings statute, Arkansas Code Annotated section 16–56–126(a)(1) (Supp.2005). I disagree.

The cases cited and discussed by the majority, including *Technology Partners, Hill–Rom,* and this court's opinion in *West v. G.D. Searle & Co.,* 317 Ark. 525, 879 S.W.2d 412 (1994), are each distinguishable in some way from the facts at hand. There is a consistent thread running through the *Technology Partners* and *West* cases, however, which is in line with our long-standing precedent. That consistent thread is that a voluntary nonsuit taken in an action involving only one defendant concludes the action (unless a counterclaim has been made), and the situation is as if no suit had ever been brought. In such a situation, there is no extant complaint to amend; as a result, as the Appellee argues here, the amended complaint is a nullity, and the trial court has no jurisdiction. This principle is ex-

plained in *Austin v. Austin,* 241 Ark. 634, 409 S.W.2d 833 (1966), cited by Appellee:

Unless defendant has interposed a claim for affirmative relief, a voluntary nonsuit, dismissal, or discontinuance is a final termination of the action, and there remains no cause pending in which a third person may be permitted to intervene, or in which defendant may thereafter file an answer or plea. In the absence of circumstances working an estoppel, a dismissal or nonsuit leaves the situation as though no suit had even been brought, and it has the effect of an absolute withdrawal of the claim and leaves defendant as though he had never been a party. It carries down with it previous proceedings and orders in the action, and all pleadings, both of plaintiff and defendant and all issues, with respect to plaintiff's claim.

*Austin,* 241 Ark. at 638, 409 S.W.2d at 835–36 (quoting 27 C.J.S. *Dismissal and Nonsuit,* § 39). *See also Elzea v. Perry,* 340 Ark. 588, 12 S.W.3d 213 (2000).

In my view, this court's decision in *West v. G.D. Searle & Co., supra,* reflects this principle. There were two appeals in *West.* In the first, the trial court granted summary judgment for the defendant on several claims. This court affirmed as to those claims, but modified the dismissal to reflect that it was without prejudice as the affirmance was based on the plaintiffs' failure to *state* a claim on those counts (rather than on the failure to *have* a claim). *West v. Searle & Company,* 305 Ark. 33, 36–37, 806 S.W.2d 608, 610–11 (1991).

On remand, the trial court again granted summary judgment for the defendant, and again the plaintiffs appealed. This court affirmed the trial judge on those claims, but not on the merits. Rather, this court held that when the mandate issued in the first appeal, modifying the dismissal to one without prejudice, that was treated the

same as a nonsuit, and the plaintiffs had one year to commence a "new action." They failed to do so, because their new complaint was filed fourteen months after the dismissal. The plaintiffs argued, however, that their new action was merely an amendment to the original complaint and should relate back to the date of that complaint. In support of their arguments, the plaintiffs cited *Southwestern Bell Telephone Co. v. Blastech, Inc.*, 313 Ark. 202, 852 S.W.2d 813 (1993), which involved the requirements of Rule 15(c) regarding adding new defendants to an action. We rejected this argument, stating:

> Here the complaint had been dismissed without prejudice for failure to state a claim, and the [plaintiffs] had one year to commence a "new action" and state a claim. Ark. Code Ann. § 16–56–126 (1987). A new action had to be filed, as distinguished from merely adding a defendant by amendment, and the new complaint was subject to the provisions of the savings statute.

*West*, 317 Ark. at 528, 879 S.W.2d at 413–14.

The court of appeals relied upon *West* in *Technology Partners, Inc. v. Regions Bank, supra,* stating as follows:

> TPI's lawsuit in Docket No. CV02–2845 was originally *filed against Newson only.* That suit was dismissed on June 17, 2002. One June 16, 2003, TPI tried to sue Regions by simply amending the complaint in the dismissed action. According to *West v. G.D. Searle & Co.*, 317 Ark. 525, 879 S.W.2d 412 (1994), a new action was required to be filed, not simply an amended complaint adding a new defendant in the dismissed action. The 2002 dismissal therefore remained in effect for over one year, and Regions *was not made a party to any valid lawsuit* until January 2004. The saving statute therefore did not apply, as the trial court correctly ruled.

*Technology Partners,* 97 Ark.App. at 238, 245 S.W.3d at 695 (emphasis added). *See also Carnathan v. Farm Bureau Ins. Co.,* 288 Ark. 399, 705 S.W.2d 885 (1986) ("When the judgment was entered dismissing the claim of Ms. Carnathan against the other driver, *who was the only other party to the suit,* the case was over" and "[t]he trial court lacked jurisdiction to do anything further in the case." (emphasis added)).

The exception to our long-standing precedent is the *Hill–Rom* case, which, relying on the rule requiring the liberal construction of pleadings, concluded that the "only construction that can reasonably be given to the [plaintiffs'] 'Amended Complaint' pleading is to construe it as an original complaint, because it pled a cause of action that had not been pled before...." *Hill–Rom,* 65 Ark.App. at 74, 984 S.W.2d at 836. The dissent disagreed, concluding that the "appellant's logic is certainly not flawed when it considers a pleading entitled 'Amended Complaint' filed in an existing case with the same case number and the same plaintiff as an 'amended complaint.'" *Hill–Rom,* 65 Ark.App. at 76, 984 S.W.2d at 836 (Crabtree, J., dissenting). In my view, both the *Hill–Rom* decision and the majority's reliance on it in the instant case are outside the parameters of our existing case law.

Although the majority relies upon the liberal-construction rule, that rule of construction is not limitless. In my view, the majority expands that rule too far in concluding here that the "amended complaint" commenced a "new action" for purposes of the savings statute after the previous nonsuit. I therefore respectfully dissent.

HANNAH, C.J., and DANIELSON, J., join.