2010 Ark. 133

**DOLLARWAY PATRONS FOR BETTER SCHOOLS and Felix Smart, Debbie Jenkins, Jaime Barajas and Mary Pringos (Individually and as Representatives of a Similarly Situated Class of Taxpayers and Patrons of the Dollarway School District), Appellants,**

v.

**Robert MOREHEAD, Cathy Hunt, Gene Stewart, Joe Blanks, Marvin Golden, Marvin Walker, and George Stepps (in their official capacities as members of the Board of Education of the Dollarway School District); the Dollarway Board of Education; the Dollarway School District; Mike Holcomb (in his official capacity as County Judge of Jefferson County, Arkansas); Mandy Alford, Glen Brown, Alfred Carroll, Herman Ginger, Sissy Granderson, John Graves, H.O. Gray, William Fox, Vanette Johnson, Cleddie Shock, Edward Spears, Curtis White and Delton Wright (in their official capacities as members of the Quorum Court of Jefferson County, Arkansas); Larry Fra-**

tesi (in his official capacity as Tax Assessor of Jefferson County, Arkansas); and Stephanie Stanton (in her official capacity as Tax Collector of Jefferson County, Arkansas), Appellees.

No. 09–826.

Supreme Court of Arkansas.

March 18, 2010.

Trimble Law Firm, Little Rock, by: Don Trimble, and Hatfield & Sayre, by: Eugene G. Sayre, Little Rock, for appellants.

Laser Law Firm, by: Dan F. Bufford and Brian A. Brown, Little Rock, for appellees Dollarway School District and Dollarway Board of Education.

JIM GUNTER, Justice.

Appellants ("DPBS") appeal the circuit court's order dismissing their illegal exaction complaint. On appeal, appellants argue that the circuit court erred in: (1) dismissing the complaint under Rule 12(b)(6); (2) ordering a stay of discovery; and (3) not considering appellants' arguments regarding appellees' alleged conduct. Because this is a second or subsequent appeal following an appeal that has been decided by this court, we have jurisdiction pursuant to Ark. Sup.Ct. R. 1–2(a)(7). We affirm.

This court explained the underlying facts of this case in our previous opinion:

In 2006, the Altheimer School District was consolidated into the Dollarway School District. This created a new school district (School District) that was taxed at two different rates. Those who lived in the area that was formerly the Altheimer School District were taxed at 32.6 mills, while those living in what was the former Dollarway School District were taxed at 40.8 mills. After consolidation, the new School District requested that the Jefferson County Election Commission set a special election for consideration of a millage increase in taxation. The Election Commission set the election, and a Notice of Election was published that informed the public that the ballot question was whether to raise taxes in the new School District to 42.3 mills. The election was held, and the Election Commission certified that 399 votes had been cast in favor of the new rate of 42.3 mills and 378 votes had been cast against the new rate.

DPBS alleges that the election was void because the School District, as the taxing entity, and as the entity that sought the millage increase, misled the electorate by publishing and circulating information prior to the election that misrepresented the tax increases. The information provided by the School District stated that the increases would be only half as great as the measure voted on imposed. For example, where a person had real estate appraised at $30,000, a School District pamphlet showed that the tax increase for a person living in the former Altheimer School District would be $29.30 per year and for a person living in the former Dollarway School District the tax increase would be $4.50. However, a table in the possession of the School District received from financial advisors prior to the election showed that actual increases would be $58.20 and $9.00 respectively.

*Dollarway Patrons for Better Sch., et al. v. Dollarway Sch. Dist., et al.*, 374 Ark. 92, 93–94, 286 S.W.3d 123, 124–25 (2008). The School District filed a motion to dismiss, arguing (1) a lack of jurisdiction in that the complaint was an election contest that was not filed within twenty days of the election, and (2) failure to state a cause of action for illegal exaction. The circuit court dismissed the case as an untimely election contest, but this court reversed, finding that the appellants had attempted to plead a cause of action in illegal exaction and remanding for a decision on whether appellants had stated a valid cause of action, specifically considering whether the law on voiding elections should be extended beyond that established in *Arkansas–Missouri Power Corp. v. City of Rector*, 214 Ark. 649, 217 S.W.2d 335 (1949). In *City of Rector*, this court explained that we reverse when voters were misled by representations in the title, preamble, or body of the ordinance; the notice of the election; the ballot title; or the body of the proposition. It is to those sources "that the electors had the right to look to ascertain what they were asked to approve, and not to discussions in the Council meetings, or

to street conversations, or to speeches made at a mass meeting which may or may not have been largely attended." *Id.* at 654, 217 S.W.2d at 337.

Upon remand, the circuit court ordered the parties to brief the issues raised by this court's opinion, and the parties filed simultaneous briefs on December 8, 2008. In its brief, the School District asserted that in order to overturn an election as an illegal exaction, the court would have to find that either the taxing authority did not have the authority to collect the tax or that the purpose of the ballot as passed cannot be accomplished, and that neither scenario was present in this case. The School District also reviewed case law from other jurisdictions that have examined the issue of whether misrepresentations made by a taxing authority will void an election. According to the School District, these cases have consistently held that an election may only be voided where a misrepresentation is contained within the official proceedings in connection with the election, or where a timely election challenge is brought and it is sufficiently proven that a significant number of voters would have cast their vote differently if not for the improper influence or that the election was so tainted as to render it void. The School District also argued that even if the law in *City of Rector* was extended, appellants failed to state a cause of action to void the election because the actions of the school board in support of the millage were not "official" actions and it could not be sufficiently proven that the voters relied on any misrepresentations in casting their votes. Finally, the School District asserted that extending the law in *City of Rector* would improperly extend the statutory limit applied to election contests.

DPBS first argued in its brief that the circuit court had been ordered by this court to not only consider the illegal exaction issue but to also consider the issues of breach of fiduciary duty, constructive fraud, and unclean hands, which were not ruled upon below, as we noted in our opinion. DPBS then asserted that they had stated a valid cause of action for illegal exaction in their complaint; that the misleading information was disseminated as an official action of the school district; that the school district's actions, while not intentional misconduct, breached a "fiduciary-like duty" and amounted to constructive fraud; and that the rationale in *City of Rector* should be expanded to apply to this case. DPBS also argued that they were seeking only to enforce the "equitable solution" promised by the school district but never performed, namely a "promise" by the school board to not certify the results of the election, not collect the taxes as voted on, and call for another special election. Both parties later filed reply briefs as well.

On January 28, 2009, the court sent a letter to the parties advising them that it was issuing an order staying all discovery in the matter. The court stated

As you recall from my letter of November 5, 2008, the Supreme Court remanded this case for the Court to make two determinations. First, to determine whether the law on voiding elections should be extended beyond that set out in *City of Rector*; and, if so, whether any conduct alleged against the School District states a cause of action to avoid [sic] the election and make the tax illegal. The second determination will be made pursuant to Rule 12(b)(6) of the Arkansas Rules of Civil Procedure.

The court explained its intention to decide the matter on the briefs if possible but noted the possibility of a hearing as well. The order staying discovery was entered on January 28, 2009, and on February 18,

2009, an order setting the case for a hearing was entered.

The hearing was held on March 4, 2009, and after hearing arguments from counsel, the court advised them that it would soon issue an opinion. Thereafter, on April 3, 2009, the court entered an order dismissing appellants' complaint with prejudice. In the order, the court noted that at the March 4 hearing, DPBS had conceded that the notice of election was proper, the ballot was proper and correct, the ballot title was proper and correct, the election was properly conducted, and the millage was passed. The court then concluded, after discussing case law from Arkansas, the U.S. Supreme Court, and other jurisdictions, that

> In this case, it is clear that the Dollarway Superintendent, Board Members and employees participated in distributing pamphlets with erroneous information contained therein. However, there is no allegation that the misinformation is contained in any official document. The resolution calling the special election, the notice of election, the ballot title, and the official ballot were all correct, and the Plaintiffs so conceded. The official documents all stated the correct purpose of the election, which was to raise the millage to a uniform amount.

Therefore, based on the prior holdings of the Arkansas Supreme Court, as well as the holdings of the United States Supreme Court and the Courts of other jurisdictions, this Court is of the opinion that the holding in *City of Rector should not* be expanded to include the unofficial actions of the proponents of the millage increase. . . .

Because this Court finds that the holding in the *City of Rector* should not be expanded, Plaintiffs cannot state a cause of action to void the election and make the tax illegal. Therefore, the Court is not conducting a Rule 12(b)(6) analysis of the Plaintiff's Complaint.

Appellants filed a timely notice of appeal from this order on April 23, 2009.

In reviewing a court's decision on a motion to dismiss, we treat the facts alleged in the complaint as true and view them in a light most favorable to the plaintiff. *Rhuland v. Fahr*, 356 Ark. 382, 155 S.W.3d 2 (2004). In testing the sufficiency of a complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and all pleadings are to be liberally construed. *Id.* However, when a complaint is dismissed on a question of law, this court conducts a de novo review. *See Branning v. State*, 371 Ark. 433, 267 S.W.3d 599 (2007).

On appeal, appellants argue that the circuit court erred in ruling that "the facts and causes of action alleged in the appellant's [sic] complaint did not provide sufficient facts upon which the circuit court should grant the equitable relief sought by the appellants . . . in a Rule 12(b)(6) motion to dismiss setting." As shown above, however, the basis of the circuit court's ruling was not a failure to state facts upon which relief could be granted; instead, the court dismissed based on a question of law, namely whether the ruling in *City of Rector* should be expanded, thus making it possible for appellants to state a cause of action. Appellants do not squarely address this question of law, however, and assert only that the "essence" of the circuit court's ruling was a dismissal on 12(b)(6) grounds. Appellants then argue that this court, in our de novo review, should have a sufficient basis to issue a ruling on the Appellants' request for the Court to make a further extension of the equitable relief granted to the taxpayers in *Arkansas–Missouri Power Company [Corporation] v. City of Rector, supra,* by ruling that the prejudicial and mate-

rially misleading actions taken by the Dollarway School District Appellees bring into consideration the duty of accuracy (not to mislead), the doctrine of "constructive fraud," and the "clean hands doctrine," and that the equitable doctrines (applied by this Court in all "illegal exaction" cases) will *not* permit the Dollarway School District Appellees to financially benefit the school district, at the expense of the Appellant-class of taxpayers.

In response, appellees assert that the circuit court correctly followed this court's mandate to first decide if *City of Rector* should be expanded and, if so, to determine whether any conduct alleged against the School District stated a cause of action to void the election. Appellees contend that by the plain language of our opinion, the circuit court was instructed to undertake a full Rule 12(b)(6) analysis only if the first question regarding the extension of *City of Rector* was answered in the affirmative. And because the court answered in the negative, a 12(b)(6) analysis was not necessary.

We agree with appellees and affirm the circuit court's dismissal. The circuit court correctly assessed that other jurisdictions have held that misinformation by proponents of a tax increase will not vitiate an election in and of itself; what is necessary is some type of official misinformation either in the ordinance or resolution, notice of election, ballot title, or ballot. This comports with Arkansas law as set out in *City of Rector*, and appellants have failed to convince this court that the circuit court's decision to not expand *City of Rector* was in error. Also, in regard to appellants' assertion that the circuit court erred in staying discovery, we note that the threshold question on expanding *City of Rector* was a question of law that had been briefed by the parties and that re-

quired no further factual discovery. We therefore affirm, and our disposition renders appellants' remaining arguments moot.

Affirmed.