DAVID M. GLOVER, Judge
This case began when Elizabeth Burnham filed a petition to enjoin Randy Price from interfering with her easement over a portion of Price's property. The issues on appeal, however, have nothing to do with the easement. Instead, Burnham's appeal 1) challenges the trial court's dismissal of the case for lack of subject-matter jurisdiction and 2) contends the dismissal of Price's counterclaim for want of prosecution did not act as an adjudication on the merits. We affirm.
On October 30, 2015, Burnham filed the petition to enjoin Price, and he answered and counterclaimed on December 2, 2015. The case was set for trial on May 16, 2016, but Burnham filed a motion to continue, which was granted. The trial was rescheduled for July 11, 2016. On June 15, 2016, Burnham filed her "reply to answer," motion to strike, and answer to counterclaim.
On July 11, 2016, Burnham orally moved for nonsuit, and the motion was granted by the trial court. On March 3, 2017, Price's *403 counterclaim was dismissed for want of prosecution. On March 31, 2017, Burnham presented to the court clerk a second (pro se) petition to enjoin, which was filed under the same case number as the original. The second petition made additional allegations and sought both equitable and monetary damages. On July 22, 2017, Price filed a motion to dismiss, asserting in essence that Burnham failed to comply with the Arkansas Rules of Civil Procedure, which required dismissal of her second petition.
A hearing on the motion to dismiss was held on August 29, 2017. The trial court questioned its jurisdiction to hear the case. After colloquy among the court, counsel, and Burnham, the trial court concluded it lacked jurisdiction to hear the second petition and dismissed the case with prejudice.
In challenging the trial court's dismissal of the case for lack of subject-matter jurisdiction, Burnham frames the issue as follows:
[T]he issue is whether the filing of a new petition under the previous case number prevents the trial court from exercising jurisdiction over the new petition. In other words, whether Ms. Burnham's second petition was a "new action" for the purpose of the savings statute, Ark. Code Ann. § 16-56-126, even if the Clerk filed the new petition under the same docket number.
Arkansas Code Annotated section 16-56-126 (Repl. 2005) provides in pertinent part:
(a)(1) If any action is commenced within the time respectively prescribed in this act, in §§ 16-116-101 - 16-116-107, in §§ 16-114-201 - 16-114-209, or in any other act, and the plaintiff therein suffers a nonsuit, or after a verdict for him or her the judgment is arrested, or after judgment for him or her the judgment is reversed on appeal or writ of error, the plaintiff may commence a new action within one (1) year after the nonsuit suffered or judgment arrested or reversed.
(Emphasis added.) In making her argument, Burnham relies upon Tucker v. Sullivant , 2010 Ark. 170, 370 S.W.3d 812. In Sullivant , the appellants filed an amended complaint under the same docket number as their previously nonsuited complaint, and timely service was completed. Id. The trial court dismissed the action for failure to comply with the savings statute because the amended complaint was filed under the same docket number as the original complaint that had been voluntarily nonsuited. The Tuckers appealed the dismissal to our supreme court. The supreme court stated the issue as "whether Appellants' filing of a complaint under the same docket number, as a previously nonsuited case, constituted the commencement of a new action for purposes of the savings statute." Id. at 3, 370 S.W.3d at 814 (citations omitted). The supreme court concluded that it did and reversed and remanded the trial court's dismissal. The supreme court reasoned:
Here, Appellants filed a complaint within the one-year period prescribed in the savings statute. Moreover, they timely completed service of that complaint as required by Ark. R. Civ. P. 4 (2009). This court has recognized that an action is commenced by filing a complaint with the clerk of the proper court. However, effectiveness of the commencement date is dependent upon meeting the requirements of service as set forth in Rule 4(i). Appellants satisfied both those requirements. If we were to accept Appellee's argument that the timely filing of Appellants' "amended" complaint did not satisfy the commencement requirement of the savings statute, we would be exalting form over substance and violating the stated purpose *404 of the savings statute. Neither the fact that the case was filed under the previous docket number, nor the fact that Appellants paid a reopening fee, as opposed to a new filing fee, prejudice Appellee. Accordingly, the filing of the amended complaint in this cause satisfied the requirement of the savings statute that a new action be commenced within one year. The order of the circuit court is hereby reversed and remanded.
Id. at 9, 370 S.W.3d at 817.
If Sullivant were the end of the story, we think Burnham would have the winning argument. However, Sullivant was decided in 2010, and in 2011 Rule 3 of our rules of civil procedure was amended to provide in pertinent part:
(c) The clerk shall assign a new case number and charge a new filing fee for the filing of any case that is refiled after having been dismissed.
(Emphasis added.) Under the amended Rule 3, a new case number is mandatory in a case that is refiled after having been dismissed.
Here, a new case number was not assigned to Burnham's second petition to enjoin. We fully recognize that we have no authority to overrule our supreme court's opinion in Sullivant . However, we conclude that the amended Rule 3 effectively overrules it and controls our decision in this case. Consequently, we find no error in the trial court's dismissal with prejudice of Burnham's second petition.
We do not address the merits of Burnham's second point of appeal, contending the dismissal of Price's counterclaim for want of prosecution did not act as an adjudication on the merits. Not only does Burnham acknowledge the argument was not addressed by the trial court, our decision regarding the first point of appeal makes it unnecessary to address this second point.
Affirmed.
Abramson and Vaught, JJ., agree.