Cite as 2022 Ark. App. 169

# ARKANSAS COURT OF APPEALS
## DIVISION I
No. CV-21-343

| | |
|---|---|
| HOWARD FRIDAY<br><br>APPELLANT<br><br>V.<br><br>MCSA, LLC, D/B/A MEDICAL CENTER OF SOUTH ARKANSAS; RODERICK BOYD; AND LOCUM LEADERS, LLC<br><br>APPELLEES | Opinion Delivered April 20, 2022<br><br>APPEAL FROM THE UNION COUNTY CIRCUIT COURT [NO. 70CV-14-226]<br><br>HONORABLE SPENCER G. SINGLETON, JUDGE<br><br>AFFIRMED |

**RAYMOND R. ABRAMSON, Judge**

Howard Friday appeals the Union County Circuit Court order dismissing his complaint against MCSA, LLC, d/b/a Medical Center of South Arkansas (MCSA); Dr. Roderick Boyd; and Locum Leaders, LLC (Locum Leaders). On appeal, Friday argues that the circuit court erred by finding that he did not properly commence a new action pursuant to the savings statute. We affirm.

On July 31, 2014, Friday filed a medical-malpractice complaint against MCSA and Dr. Boyd. The allegations in the complaint arose from the medical procedure performed on Friday by Dr. Boyd on August 5, 2012. On January 10, 2020, Friday moved for a voluntary nonsuit, and on January 15, the court dismissed the complaint without prejudice.

On January 14, 2021, Friday filed another complaint in the same case number as the original complaint and did not pay a filing fee. Friday again asserted claims against MCSA and Dr. Boyd, and he added a new party, Locum Leaders. The civil cover sheet shows that Friday checked the box to "[r]e-open" the case, and the original case number is listed on the new pleading.

On February 24, MCSA moved to dismiss Friday's complaint, arguing that Friday had failed to properly commence the new action pursuant to the savings statute because he filed the complaint in the original case number and did not pay a filing fee. MCSA cited our decision in *Burnham v. Price*, 2018 Ark. App. 410, 558 S.W.3d 402. On February 25, Locum Leaders moved to dismiss, and on March 1, Dr. Boyd moved to dismiss. They asserted the same argument as MCSA and cited *Burnham*.

On May 20, the circuit court entered an order dismissing Friday's complaint with prejudice. The court's order states as follows:

> Having now reviewed the Motions and the Response in detail and having reviewed the relevant rules, statutes, and case law, it is not necessary to conduct a hearing in this matter.
>
> For the reasons stated in the Motions to Dismiss and applying the relevant authority, *see* Ark. Code Ann. § 16-56-126; Ark. R. Civ. P. 3(c); *Tucker v. Sullivant*, 2010 Ark. 170; *Burnham v. Price*, 2018 Ark. App. 410, the Motions are GRANTED and this matter is DISMISSED WITH PREJUDICE.

Friday has appealed the dismissal to this court.

On appeal, Friday argues that the circuit court erred by dismissing his complaint because he properly commenced a new action pursuant to the savings statute. He asserts that

2

this court should overrule our decision in *Burnham* and adopt a more liberal view consistent with the supreme court's decision in *Tucker v. Sullivant*, 2010 Ark. 170, 370 S.W.3d 812. Friday further claims that the circuit clerk had the responsibility to properly file his complaint and that he should not suffer for the clerk's error.

When a complaint is dismissed on a question of law, this court conducts a de novo review. *Dollarway Patrons for Better Schs. v. Morehead*, 2010 Ark. 133, 361 S.W.3d 274. The savings statute provides in pertinent part:

> (a)(1) If any action is commenced within the time respectively prescribed in this act, in **§§** 16-116-101 – 16-116-107, in **§§** 16-114-201 – 16-114-209, or in any other act, and the plaintiff therein suffers a nonsuit, or after a verdict for him or her the judgment is arrested, or after judgment for him or her the judgment is reversed on appeal or writ of error, the plaintiff may commence a new action within one (1) year after the nonsuit suffered or judgment arrested or reversed.
>
> . . . .
>
> (2)(B) Otherwise, the cause shall be forever barred.

Ark. Code Ann. **§** 16-56-126 (Repl. 2005). In *Sullivant*, the supreme court reversed the circuit court's dismissal of the appellants' complaint filed pursuant to the savings statute. *Sullivant*, 2010 Ark. 170, 370 S.W.3d 812. The circuit court dismissed the complaint because the plaintiffs filed an amended complaint in the existing case number and paid only a reopening fee as opposed to a filing fee. *Id.* The supreme court reasoned that "[i]f we were to accept [the] argument that the timely filings of Appellants' 'amended' complaint did not satisfy the commencement requirement of the savings statute, we would be exalting form over substance and violating the stated purpose of the saving statute." *Id.* at 9, 370 S.W.3d at 817.

3

Following the *Sullivant* decision, in 2011, Rule 3 of our rules of civil procedure was amended to provide in pertinent part: "(c) The clerk shall assign a new case number and charge a new filing fee for the filing of any case that is refiled after having been dismissed." In 2018, this court addressed the Rule 3 amendment and its effect on *Sullivant* in *Burnham v. Price*, 2018 Ark. App. 410, 558 S.W.3d 402.

*Burnham* presented the same circumstances found in *Sullivant*. Specifically, the circuit court dismissed the appellant's petition filed pursuant to the savings statute because the appellant had filed the petition in the same case number as the original petition. *Burnham*, 2018 Ark. App. 410, 558 S.W.3d 402. We held that under the amended Rule 3, a new case number is mandatory in a case that is refiled after having been dismissed. *Id.* We recognized that we had no authority to overrule the supreme court's decision in *Sullivant*. *Id.* However, given that Rule 3 had been amended following *Sullivant*, we concluded that "[t]he amended Rule 3 effectively overrules [*Sullivant*] and controls our decision." *Id.* at 4, 558 S.W.3d at 404. We thus affirmed the circuit court's dismissal of the appellant's petition with prejudice. *Id.*

We find the circumstances here the same as in *Burnham*, and we decline to depart from that decision. As to Friday's arguments blaming the circuit clerk, we point out that Friday provided the original case number in the new pleading. Further, we have long assigned the responsibility for properly filing pleadings to the filing party rather than to the clerk. Accordingly, we affirm the circuit court's dismissal of Friday's complaint.

Affirmed.

HARRISON, C.J., and GRUBER, J., agree.

*F. Mattison Thomas III*, for appellant.

*Anderson, Murphy & Hopkins, L.L.P.*, by; *Mark D. Wankum* and *Brandon D. Cole*, for separate appellee Roderick M. Boyd, M.D.

*Munson Rowlett Moore & Boone P.A.*, by: *Tim Boone* and *Zachary Hill*, for separate appellee MCSA, LLC, d/b/a Medical Center of South Arkansas.