Cite as 2023 Ark. App. 525

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-22-724

GABRIEL LONDON

APPELLANT

V.

JESSICA SAUERWIN

APPELLEE

Opinion Delivered November 15, 2023

APPEAL FROM THE GARLAND
COUNTY CIRCUIT COURT
[NO. 26DR-21-676]

HONORABLE LYNN WILLIAMS,
JUDGE

APPEAL DISMISSED

## ROBERT J. GLADWIN, Judge

This is an appeal from an August 12, 2022 order that, despite continuing to characterize the parties' custody arrangement as "joint custody," substantially changed the amount of time the parties will have with their minor child.[1] Because we lack jurisdiction, we dismiss the appeal.

### I. *Facts and Procedural History*

Gabriel London and Jessica Sauerwin were never married, but MC was born to Jessica on October 9, 2015, in Sallisaw, Oklahoma. On July 12, 2017, Gabriel filed the first paternity action in Conway County, Arkansas, to establish paternity and joint custody, but

---

[1]There was also a contempt motion before the trial court, but that motion was denied, and there is no cross-appeal on that issue.

that action was dismissed on March 15, 2018, pursuant to Arkansas Rule of Civil Procedure 4(i) for lack of service prior to any answer or counterclaim.

Jessica filed a second paternity action, also in Conway County, on April 23, 2018. It is undisputed that the circuit clerk did not assign a new case number in this second paternity suit after the first suit's dismissal as required by Arkansas Rule of Civil Procedure 3(c). *See also Burnham v. Price*, 2018 Ark. App. 410, at 4, 558 S.W.3d 402, 404. The caption of the second paternity action retained Gabriel as the plaintiff and Jessica as the defendant as well as the same case number as the dismissed first action; Jessica petitioned for paternity and primary custody with limited visitation for Gabriel.

On August 14, Gabriel answered and counterclaimed for primary custody, to which Jessica filed an answer on August 16, admitting paternity but denying that Gabriel should have primary custody.

After a hearing held on November 30, the trial court issued a judgment of paternity dated February 4, 2019, that approved the parties' settlement to share true joint legal and physical custody with a weekly exchange. Jessica was designated as primary medical custodian for the purpose of making medical decisions. The judgment made no decision on where MC would attend school.

On July 27, 2021, Gabriel filed a motion to modify certain child custody, visitation, and support orders contained within the February 4, 2019 judgment of paternity, alleging a material change of circumstances and addressing the best interest of MC.

On July 29, Jessica also filed a petition for change of custody and contempt along with a motion to transfer jurisdiction of the case from Conway County to Garland County. She alleged she was living in Garland County, Gabriel was living in Faulkner County, and there was no remaining connection to Conway County.

Gabriel responded to Jessica's petition on August 12, asserting that her volitional choice to relocate some distance away is what caused the breakdown in the joint-custody arrangement. The following day, Jessica filed a petition for an emergency hearing.

An order transferring the case to Garland County was entered on August 18.

A temporary hearing was held on October 5 on the issue of where MC would attend kindergarten. Gabriel and Jessica consented to a temporary order that allowed MC to attend St. John's Catholic Church School on Jessica's week of custody and Nemo Vista School on Gabriel's week.

After a failed attempt at mediation, the final hearing took place on August 11, after which the trial court issued its final order on August 12. The order includes a specific finding that the original case was dismissed for failure of service on March 15, 2018, and that on April 23, Jessica refiled the paternity action in the same case. The final order also states that the parties' new relocations are not sufficient to trigger a substantial change in circumstances to change custody from joint custody but that they did, however, make the then-existing joint-custody arrangement unworkable and not in MC's best interest. The trial court then made a finding that it is in the best interest of MC to attend St. John's Catholic Church School and, if she became ineligible to do so, to be enrolled at the appropriate public school

3

in Garland County. The order then states that is in MC's best interest for the joint-custody schedule to include certain provisions related to holiday time between the parties, logistics of visitation, and certain child-support provisions. Finally, the order denies Jessica's motion for contempt against Gabriel.

On September 8, 2022, Gabriel filed a timely notice of appeal from the August 12 order, and this appeal followed.

In 2011, Rule 3 of our rules of civil procedure was amended to provide in pertinent part:

> (c) The clerk *shall assign a new case number* and charge a new filing fee for the filing of any case that is refiled after having been dismissed.

Ark. R. Civ. P. 3(c) (emphasis added). Under the amended Rule 3, a new case number is mandatory in a case that is refiled after having been dismissed. It is undisputed that the circuit clerk failed to issue a new case number in Jessica's petition that was filed after Gabriel's initial action had been dismissed.

In *Burnham*, 2018 Ark. App. 410, 558 S.W.3d 402, we held that an action is not commenced for purposes of the savings statute if it is refiled under the same number. While we acknowledged that this court does not have the authority to overrule the supreme court's opinion in *Tucker v. Sullivant*, 2010 Ark. 170, 370 S.W.3d 812 (decided a year prior to the amendment to Rule 3 and held that the appellants' filing of a complaint under the same docket number as a previously nonsuited case constituted the commencement of a new

action for purposes of the savings statute), we concluded that the amended Rule 3 effectively overrules *Tucker* and controlled in that case.

In the case before us, the circuit court erred in allowing Jessica's new paternity action to proceed without following the requirements of amended Rule 3(c). As a result, we hold that any resulting orders entered under the original case number are void; accordingly, Gabriel's appeal from the August 12, 2022 order must be dismissed for lack of jurisdiction.

Appeal dismissed.

THYER and MURPHY, JJ., agree.

*Cullen & Co., PLLC*, by: *Tim Cullen*, for appellant.

*Robert S. Tschiemer*, for appellee.