Cite as 2025 Ark. 194

# SUPREME COURT OF ARKANSAS
No. CV-24-659

| | |
|---|---|
| STEVEN HEDRICK AND X–DUMPSTERS<br><br>APPELLANTS<br><br>V.<br><br>CITY OF HOLIDAY ISLAND<br>APPELLEE | **Opinion Delivered:** December 4, 2025<br><br>APPEAL FROM THE CARROLL COUNTY CIRCUIT COURT [NO. 08WCV-23-85]<br><br>HONORABLE SCOTT JACKSON, JUDGE<br><br>REVERSED AND REMANDED FOR PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION. |

**NICHOLAS J. BRONNI, Associate Justice**

This case presents one question: Does Defendant City of Holiday Island have the power to exclude Plaintiffs Steven Hedrick and X-Dumpsters from providing supplemental waste-management services within Holiday Island?  Holiday Island argues that the Arkansas Solid Waste Management Act gives it the power to select a municipal waste provider and to exclude all other providers; Hedrick and X-Dumpsters argue that Holiday Island's actions violate the Arkansas Constitution's prohibition on monopolies.  The circuit court agreed with Holiday Island and dismissed Appellants' complaint.  We reverse and remand because the Waste Management Act does not grant Holiday Island the power to exclude alternative providers.

*Background*

Hedrick and X-Dumpsters brought this action after Holiday Island barred them from providing supplemental waste-disposal services within the city.  X-Dumpsters provides a roll-off dumpster service—basically, large movable dumpsters of the kind frequently associated with construction sites.  Holiday Island contracts with another provider to offer weekly trash service

and as-needed supplemental waste-removal services to city residents; in April 2022, the city passed an ordinance barring anyone else from providing solid-waste-removal services.

X-Dumpster sued, arguing, among other things, that the city's ordinance violates the prohibition on monopolies set forth in article 2, section 19 of the Arkansas Constitution. The city responded that the Waste Management Act gave it the authority to contract with an exclusive provider and argued—by implication—that the Act is consistent with the Arkansas Constitution. It cited Ark. Code Ann. § 8-6-211's language requiring municipalities to provide a solid-waste-management system and argued that provision granted the city the power to exclude all other providers. Agreeing with the city, the circuit court dismissed the complaint for failure to state a claim. This appeal followed.

*Discussion*

We review circuit court decisions dismissing a complaint for failure to state a claim de novo. *See Dollarway Patrons for Better Schs. v. Morehead*, 2010 Ark. 133, at 5, 361 S.W.3d 274, 278. Applying that standard, we conclude that the Waste Management Act does not grant Holiday Island the power to exclude supplemental solid-waste-removal services.

Under our constitution, municipalities are "created by the authority of the Legislature; and they derive all their powers from the source of their creation, except where the Constitution of the State otherwise provides." *Eagle v. Beard*, 33 Ark. 497, 504 (1878) (quoting *Laramie County Comm'rs v. Albany County Comm'rs*, 92 U.S. 307, 308 (1875)); *accord Jones v. Am. Home Life Ins. Co.*, 293 Ark. 330, 335, 738 S.W.2d 387, 389 (1987) ("Municipalities are creatures of the legislature and as such have only the power bestowed upon them by statute or the Arkansas Constitution."). Thus, they have "no powers except those expressly conferred and those fairly implied for the attainment of declared purposes." *Bain v. Ft. Smith Light & Traction Co.*, 116

2

Ark. 125, 134, 172 S.W 843, 846 (1915); *accord Deaderick v. Parker*, 211 Ark. 394, 398, 200 S.W.2d 787, 789 (1947) ("Municipalities have no power except those granted expressly or by necessary implication by the legislature."). And we have previously invalidated municipal enactments that go beyond what the legislature authorized. *See Protect Fayetteville v. City of Fayetteville*, 2019 Ark. 30, 565 S.W.3d 477 (invalidating local ordinance because it exceeded what state law authorized municipalities to enact).

So the question here is whether the General Assembly has authorized Holiday Island's actions—and only if it has do we need to decide the broader constitutional question about whether Holiday Island's action violates the prohibition on monopolies. Holiday Island argues that the Solid Waste Management Act—and in particular section 8-6-211—gives it the power to select a single waste-removal provider and bar anyone else from providing any kind of solid-waste-removal services. That provision requires municipalities to provide "a solid waste management system which will adequately provide for the collection and disposal of all solid wastes generated or existing within the [city limits.]" Ark. Code Ann. § 8-6-211(a) (Repl. 2022). It also authorizes municipalities to "enter into agreements with one (1) or more other municipalities, counties, a regional solid waste management district, private persons or trusts, or with any combination thereof, to provide a solid waste management system, or any part of a system, for the municipality." *Id.*

Nothing in that provision says that where, like here, a municipality opts to contract with a single provider, it can also bar city residents from using other providers to collect solid waste. Instead, it simply permits municipalities to contract with one or more contractors capable of collecting and disposing of the city's solid waste. Indeed, there is a significant difference between the ability to contract with a single party—and only that party—and the power to bar

3

all others from offering a service. And Holiday Island's reliance on statutory language requiring the city to select a provider or providers capable of disposing of "all solid wastes" does not suggest otherwise. Far from it, that language merely requires the city to ensure a trash collection, and no one suggests that the existence of supplemental providers, like X-Dumpsters, prevents the city from doing that. *Cf. Bridges v. Yellow Cab Co.*, 241 Ark. 204, 206, 406 S.W.2d 879, 880 (1966). We thus reject Holiday Island's argument that section 8-6-211 authorized it to bar alternative supplemental solid-waste-removal providers.

Holiday Island does not point to any other source for its authority to bar alternative, otherwise lawful, solid-waste-removal providers. Nor has our own review identified any such authority.[1] So we conclude that the city lacked the statutory authority to enact the portion of the ordinance barring city residents from contracting with X-Dumpsters or others to provide supplemental solid-waste-removal services. As that is sufficient to resolve this appeal, we need not—and do not—reach the question of whether such an ordinance would violate the constitution's prohibition on monopolies.

Reversed and remanded for proceedings not inconsistent with this opinion.

BAKER, C.J., and HUDSON, J., dissent.

---

[1]This dissent purports to find such authority in a provision defining "solid waste management system." Dissent at 1. But nothing in that provision gives Holiday Island the authority to bar other, otherwise lawful providers. It simply defines "[s]olid waste management system" as "the entire process of [disposing of trash]." Ark. Code Ann. § 8-6-203(20). No one disputes that Holiday Island can contract with an entity or entities capable of providing an entire disposal system. The question is whether it can exclude others from providing trash services, and the dissent does not point to anything that gives Holiday Island that authority. Far from it, like Holiday Island, the dissent's argument ultimately amounts to little more than a bald assertion that because municipalities can contract with providers, "[they] *necessarily* have the related power to bar anyone else from providing these services." Dissent at 3 (emphasis added).

4

**COURTNEY RAE HUDSON, Justice, dissenting.** This case hinges on the statutory definition of "solid waste management system," which our General Assembly has defined as "the *entire process* of source reduction, storage, collection, transportation, processing, waste minimization, recycling, and disposal of solid wastes by any [entity]." Ark. Code Ann. § 8-6-203(20) (Repl. 2022) (emphasis added). *Webster's Dictionary* defines "entire" as "having no element or part left out: whole." "Entire." Merriam-Webster.com Dictionary, Merriam-Webster, https://www.merriam-webster.com/dictionary/entire (last visited Dec. 3, 2025) (ar chived at https://perma.cc/7W92-6ENX). Here, X-Dumpsters seeks to provide services it refers to as "supplemental." However, another entity, the Carroll County Solid Waste District (the District), already provides all solid-waste services for the City of Holiday Island (the City). In other words, the District provides the entire solid-waste-management system for the City. As such, there is no void in services for X-Dumpsters to fill or supplement. The District does it all. As explained below, the City has the statutory authority to contract with a single solid-waste provider and thereby exclude X-Dumpsters from also providing solid-waste services within the City. Neither the statute nor the ordinance violates the Arkansas Constitution's prohibition on monopolies. Accordingly, I would affirm the circuit court's order dismissing Hedrick and X-Dumpsters' complaint. I respectfully dissent.

First, I note our complete standard of review, which the majority has presented in a truncated fashion. In reviewing a court's decision on a motion to dismiss, we treat the facts alleged in the complaint as true and view them in a light most favorable to the plaintiff. *Dollarway Patrons for Better Schs. v. Morehead*, 2010 Ark. 133, at 5, 361 S.W.3d 274, 278. In testing the sufficiency of a complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and all pleadings are to be liberally construed. *Id.* However, when a

complaint is dismissed on a question of law, this court conducts a de novo review. *Id.*; *see also Thurston v. League of Women Voters of Ark.*, 2022 Ark. 32, at 5, 639 S.W.3d 319, 321; *State v. West*, 2014 Ark. 174; *Fatpipe, Inc. v. State*, 2012 Ark. 248, 410 S.W.3d 574.

Turning to the statutory language at issue, the Solid Waste Management Act requires all municipalities to provide "a solid waste management system which will adequately provide for the collection and disposal of all solid wastes generated or existing within the [city limits.]" Ark. Code Ann. § 8-6-211(a) (Repl. 2022). The Act authorizes municipalities to "enter into agreements with one (1) or more [entities] to provide a solid waste management system, or any part of a system, for the municipality[.]" *Id.* Again, "solid waste management system" is defined as "the *entire process* of source reduction, storage, collection, transportation, processing, waste minimization, recycling, and disposal of solid wastes by any [entity]." Ark. Code Ann. § 8-6-203(20) (emphasis added). Accordingly, the Act delegates to municipalities the power to select a single provider for all solid-waste collection and disposal. With that, municipalities necessarily have the related power to bar anyone else from providing these services. Stated differently, the statutory scheme *does* authorize the City to enforce its ordinance in a manner that excludes X-Dumpsters from providing solid-waste services. Allowing municipalities to have a single solid-waste provider protects public health and promotes efficiency by ensuring that cities can adequately supervise a singular entity. Regardless of the reasons, the General Assembly has spoken on this issue.

Nonetheless, it appears that the majority has been led astray by X-Dumpsters' strategic framing of their solid-waste services as "supplemental" or "ad hoc" services that are somehow legally distinct from the services that the City is required to provide. To the contrary, the type of services that X-Dumpsters seeks to provide are undoubtedly included in the solid-waste-

6

management system that the City of Holiday Island has chosen the District to exclusively provide. By statute, municipalities are permitted to select a single entity to provide a solid-waste-management system; therefore, other entities—even those that characterize their solid-waste services as "supplemental" services—can be excluded when a municipality has selected another entity to provide those very services. "[T]he legislative intent to displace competition can be inferred from the statutory scheme because it is a 'necessary and reasonable consequence of engaging in the authorized activity.'" *L&H Sanitation, Inc. v. Lake City Sanitation, Inc.*, 769 F.2d 517, 522 (8th Cir. 1985) (internal citation omitted). To hold otherwise creates an exception for "supplemental" solid-waste providers that is simply not supported by the text of the statute. Thus, the majority has erred in its interpretation of the relevant portions of the Act.

Hedrick and X-Dumpsters also contend that the ordinance and statute are unconstitutional to the extent that they allow an illegal monopoly in violation of the Arkansas Constitution.[1] Article 2, section 19 of the Arkansas Constitution provides that "monopolies are contrary to the genius of a republic, and shall not be allowed." Despite this language, this court has long upheld ordinances that create monopolies under circumstances such as the one before us. In *Dreyfus v. Boone*, 88 Ark. 353, 114 S.W. 718 (1908), this court addressed a municipal ordinance granting Dreyfus the exclusive right to remove the deposits from unsewered privies within the city limits for a period of ten years. The *Dreyfus* court held that such a municipal ordinance is a valid exercise of the police power if the ordinance is reasonable in its terms and

---

[1]In addition, they argue on appeal that the ordinance violates the Arkansas Constitution's cumulative protections for the right to engage in a lawful occupation. Because the circuit court did not rule on this argument, it is not preserved for our review. *Neal v. Sparks Reg'l Med. Ctr.*, 2012 Ark. 328, at 11, 422 S.W.3d 116, 122 ("The failure to obtain a ruling on an argument precludes appellate review because there is no order of a lower court on the issue for this court to review on appeal.").

designed solely for the protection of the public health. Subsequent cases have recognized that municipalities may enter into exclusive contracts for waste disposal. *See Massongill v. Cnty. of Scott*, 329 Ark. 98, 105, 947 S.W.2d 749, 752 (1997) ("[M]onopolies are upheld when deemed necessary in executing a duty incumbent on city authorities or the legislature for the preservation of public health."); *Smith v. City of Springdale*, 291 Ark. 63, 65, 722 S.W.2d 569, 570 (1987) ("Without question a city is authorized to enter into proper exclusive contracts for sanitation services."); *Geurin v. City of Little Rock*, 203 Ark. 103, 155 S.W.2d 719 (1941) (ordinance providing for the collection of garbage, assessment of fees, and providing penalty for its violation upheld as a valid exercise of the police power); *see also* Op. Ark. Att'y Gen. No. 062, at 4 (2006) (explaining that "the legislature has authorized any municipality exclusively to contract with a single private individual for the provision of recycling systems, *foreclosing any other individual from engaging in the activity*" (emphasis added)). To be clear, Hedrick and X-Dumpsters do not challenge the City's ability to enter into an exclusive contract for solid-waste services; rather, they take issue with the City's position that X-Dumpsters is prohibited from providing "supplemental" solid-waste services.

Given our precedent, Hedrick and X-Dumpsters have failed to allege facts that, if proven, would entitle them to relief. As explained above, solid-waste disposal is solid-waste disposal—regardless of how creatively it is characterized. Because I would affirm the circuit court's order dismissing the amended complaint, I respectfully dissent.

BAKER, C.J., joins.

*King Law Group, PLLC*, by: *Whitfield Hyman*; and *Adam C. Shelton* appearing pro hac vice for *Scharf-Norton Center for Constitutional Litigation at the GOLDWATER INSTITUTE*, for appellants.

*Gabrielle Gibson*; and *Harrington, Miller, Keiklak, Eichmann & Brown, P.A.*, by: *R. Justin Eichmann* and *Imogen Ryan*, for appellees.

*Katrin Marquez*; and *Norwood & Norwood, P.A.*, by: *Douglas Norwood* and *Alison Lee*, counsel for amicus curiae Institute for Justice.

*Punchwork Law*, by: *Chris Burks*; and *Pacific Legal Foundation*, by: *Allison D. Daniel*, counsel for amicus curiae Pacific Legal Foundation.